449 So.2d 1213 (1984)
LITTON SYSTEMS, INC.
v.
Elbert C. ENOCHS.
No. 54225.
Supreme Court of Mississippi.
May 9, 1984.
*1214 Karl Wiesenburg, Wiesenburg & Reed, William F. Jordan, Pascagoula, for appellant.
John L. Hunter, David O. McCormick, Cumbest, Cumbest & Hunter, Pascagoula, for appellee.
Before ROY NOBLE LEE, P.J., and BOWLING and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Elbert C. Enochs filed suit against Litton Systems, Inc. (Litton) in the Circuit Court of Jackson County, Mississippi, Honorable Robert T. Mills, presiding, for damages on account of personal injuries sustained. The jury returned a verdict in favor of Enochs in the sum of $75,000 and Litton has appealed here, assigning five errors in the trial below.

I.-II.

THE LOWER COURT ERRED IN OVERRULING LITTON'S MOTIONS FOR A DIRECTED VERDICT AND JUDGMENT NOTWITHSTANDING THE VERDICT.

THE LOWER COURT ERRED IN OVERRULING LITTON'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON THE GROUND THAT THE PLAINTIFF'S EXCLUSIVE REMEDY WAS UNDER THE MISSISSIPPI WORKMEN'S COMPENSATION ACT.
Evidence favorable to Enochs reflects that he had been employed by Litton for a period of approximately five (5) years, prior to July 7, 1977, in the capacity as a chippergrinder at Ingalls Shipyards. The work was strenuous and involved the use of a 20-30 lb. chipping gun with which the workmen chipped off and smoothed seams left from welding the hulls of ships.
On July 7, 1977, 1977, Enochs reported to work for the 3:30 p.m. to midnight shift and parked his automobile in a parking lot provided by Litton, located off the shipyard premises. When the shift (second) terminated, Enochs left the shipyard through Gate # 1 and walked along a well-traveled area toward the parking lot. Several different routes were available to the parking lot and workers were at liberty to use the route they desired. In that area, guy wires were connected to tall light and antennae poles located in the shipyard and substation and were anchored by concrete deadmen, described as pillars sunk in the ground and covered with asphalt and seashells. The area was dimly lighted and, according to Enochs, was not as well lighted as previously. The shells and asphalt had eroded or washed from one of the deadmen which had protruded from two to four inches above the passageway. Although Enochs had traveled the area often before, on that night he was unable to see the deadman protruding above the ground and, because of that condition and the poor lighting, he tripped over the deadman, fell, and injured his left shoulder, head and left knee.
Litton contends that the lower court erred (1) in declining to sustain its motion for directed verdict and (2) in failing to sustain its motion for judgments notwithstanding the verdict, particularly on the ground that Enochs' exclusive remedy was under the Mississippi State Workmen's Compensation Act.
The same rule as to the scope of appellate review applies in motions for directed verdicts and judgment notwithstanding the verdict. Lewis Grocer Co. v. Williamson, 436 So.2d 1378 (Miss. 1983), involved facts similar to the case here. There, Williamson drove through a store parking lot and stopped at one of the parking bumpers. The area was dimly lighted *1215 and, as Williamson got out of his car and started toward the door of the store, a floor mat, which customarily was located in front of the outside door, was partially draped over a parking bumper. He was unable to see the mat, fell and injured his left knee. We held that the only proof in the record as to the condition of the premises and what happened was made by the appellee; that, in the exercise of reasonable care, the store operator knew, or should have known, that the mat had been removed from in front of the door and placed in another location; that the jury could have believed from the evidence that appellant, the Lewis Grocer Company, had actual and constructive notice as to the condition of the premises, including poor lighting and the location of the mat draped over the bumper stop; and that the condition of such premises constituted a hazard and danger to the invited public. Quoting from Georgia-Pacific Corp. v. Blakeney, 353 So.2d 769 (Miss. 1978), the principle relating to motions for directed verdict was restated:
The rule in determining whether a motion for directed verdict should be granted, requires the trial judge to consider the evidence on behalf of the party against whom a directed verdict is requested, along with all reasonable inferences, in the light most favorable to said party, disregard any evidence of the other party in conflict therewith, and, if the evidence and reasonable inferences to be drawn therefrom would support a verdict for such party, the motion for directed verdict should be denied. (Here the motion for directed verdict actually was a request for peremptory instruction). [Citations omitted] [353 So.2d at 772]. (436 So.2d at 1380).
We are of the opinion that, under all the evidence, together with reasonable inferences, there was a question of liability for the jury to determine.
Prior to instituting the common law action in the Circuit Court of Jackson County, Enochs filed claim for benefits under the Longshoremen and Harbor Workers' Act and the Mississippi Workmen's Compensation Act for injuries sustained from the fall. Ingalls Shipbuilding, Division of Litton, successfully defended the actions, and both claims were found to be non-compensable, the administrative judges and commissions in both the federal and state proceedings, holding that the injury did not arise within the scope of Enochs' employment. There were no appeals from the orders, and Litton does not seriously contend that such actions were a bar to the case sub judice.
The present suit was brought on the theory that Enochs was a business invitee of the appellant Litton at the time and place of the injury and, under the evidence, that he had a lawful claim against Litton which could be resolved in the circuit court action.

III.-IV.

THE LOWER COURT ERRED IN GRANTING PLAINTIFF'S JURY INSTRUCTION P-6 THAT LITTON HAD THE DUTY TO WARN THE PLAINTIFF OF A CONDITION THE PLAINTIFF TESTIFIED HE WAS AWARE OF AND KNEW EXISTED.

THE LOWER COURT ERRED IN REFUSING TO GRANT DEFENDANT'S REQUESTED INJURY INSTRUCTIONS D-7 AND D-9 IN ACCORDANCE WITH THE DEFENDANT'S PROPOSALS TO MODIFY SUCH ASSUMPTION OF RISK INSTRUCTIONS, THE COURT DICTATING INTO THE RECORD THAT HE WAS REFUSING ALL ASSUMPTION OF RISK INSTRUCTIONS.
We have carefully examined Jury Instruction # P-6 and are of the opinion that it was supported by the plaintiff's evidence and theory of the case, and that the instruction was proper.
Instruction # D-7, requested by Litton and refused by the court, is an assumption of risk instruction. Instruction # D-9, also refused, stated: "... but that the plaintiff knowingly and voluntarily elected to take a *1216 route that was not maintained by Litton for pedestrian use... ."
The issues of negligence vel non were properly presented to the jury by other instructions, although Litton did not request a contributory negligence instruction. The evidence does not show that the route taken by Enochs was not maintained by Litton for pedestrian use. Therefore, we are of the opinion that the court did not commit reversible error in refusing the two instructions.

V.

THE VERDICT OF THE JURY WAS EXCESSIVE IN VIEW OF THE CONTRIBUTORY NEGLIGENCE OF THE PLAINTIFF AND WAS SO EXCESSIVE AS TO EVIDENCE PASSION, PREJUDICE, BIAS OF THE JURY AGAINST THE DEFENDANT, OR ALTERNATIVELY WAS BASED ON SYMPATHY AND COMPASSION FOR THE PLAINTIFF.
Litton does not support its fifth assignment of error by any cited authority. However, we have carefully examined the record with reference to proof of damages. The verdict was not so excessive as to evidence bias, passion or prejudice by the jury against Litton.
There being no errors in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.