566 So.2d 1266 (1990)
Emmett RESTER
v.
Eddie G. LOTT and Sunbelt Forest Products, Inc.
No. 89-CA-0235.
Supreme Court of Mississippi.
September 5, 1990.
Colette A. Oldmixon, David R. Smith, Smith Smith Tate & Cruthird, Poplarville, for appellant.
*1267 Vicki Leggett, Jon Mark Weathers, Hattiesburg, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court.

I. INTRODUCTION
This case involves a minor, two-vehicle accident involving 65-year-old Emmett Rester and Eddie Lott, a truck driver for Sunbelt Forest Products ("Sunbelt"). Lott was uninjured, but Rester complained that he was "hurting bad in [his] chest and under [his] heart." Rester later filed a negligence action at the Pearl River Circuit Court against Lott and his employer, Sunbelt (hereinafter collectively referred to as "Lott") for his alleged injuries. A trial was held  after which a jury returned a verdict in favor of Lott. Rester appealed and presented the following issues for disposition:
(1) Whether the trial judge erred by refusing to grant a peremptory instruction or j.n.o.v.?

(2) Whether the jury verdict is against the overwhelming weight of evidence (i.e., whether a new trial should have been granted)?

(3) Whether the trial judge erred by granting Instruction D-9?

II. ANALYSIS

A. Issue # 1
Rester requested a peremptory instruction at the close of his and the defendant's case; he also moved for a j.n.o.v. upon return of the jury's verdict. The judge denied both the request and the motion, and Rester appealed.

1. The Law

The standard applicable to this Court's review of judge's denial of a peremptory-instruction request or j.n.o.v motion has been amply noted in a plethora of cases and need not be reproduced here. See Wells Fargo Armed Serv. Corp. v. Turner, 543 So.2d 154, 157 (Miss. 1989); Blanks v. Dickey, 542 So.2d 903, 904 (Miss. 1989); Whittley v. City of Meridian, 530 So.2d 1341, 1347 (Miss. 1988); Bruner v. University of Southern Miss., 501 So.2d 1113, 1116 (Miss. 1987); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975); Travelers Indemnity Co. v. Rawson, 222 So.2d 131, 134 (Miss. 1969).

2. The Evidence

Perusal of the record and briefs reveals that the evidence presented at trial consisted of some photographs of the accident scene and the testimony of various witnesses. The photographs yield no enlightenment regarding culpability of either of the parties, and the testimony is conflicting.
Emmett Rester, the plaintiff, testified that at approximately 5:00 p.m. on May 27, 1986, he was travelling alone in an easterly direction on Highway 26 in Poplarville, Mississippi. He was travelling about 25 to 30 miles per hour (m.p.h.) in a 55 m.p.h. zone. As he approached the intersection of Highway 26 and South McGehee Street, he turned on his right-turn signal. He also "touched the brakes several times" for added precaution. As he turned right, the rear of his vehicle was struck by a truck driven by Lott.
Defendant Eddie Lott, an 18-year veteran truck driver, provided a conflicting version of what happened. Lott testified that he was travelling behind Rester at approximately 35 m.p.h. when he decided to pass him. But before he could attempt the pass, Rester started driving to the left of the lane until he was over the road's center line and partially in the lane of oncoming traffic; at that moment, Rester's left brake light flashed on. Lott interpreted these actions to mean that Rester was about to turn left (not right) onto South McGehee. Lott thus started to drive to the right of Rester  to get around him as he was turning left. But Rester did not turn left; he abruptly swung his automobile to the right and caused Lott to strike him. Lott contends that Rester did not use his right-turn signal, or, if he did, his signal was inoperative.
The only eyewitness to the accident was Glenda Bishop, a fairly close friend of Rester. Prior to the accident, she was travelling *1268 west on Highway 26 (in the opposite direction of Rester and Lott). She testified that she was approximately a mile away when she saw a truck driven by Lott following immediately behind the automobile driven by Rester. Lott then pulled out of his lane as though he were about to pass Rester, but Lott aborted his attempt when he noticed her approaching. Lott pulled back into his lane behind Rester; Rester turned right; and Lott hit him. She did not know whether Rester signaled before turning right.
Ernest Mitchell, a part-time patrolman for the Poplarville Police Department, testified that he investigated the accident, that no one was injured, and that he speculated the accident was the consequence of Lott following too closely. He also testified that, when he checked the turn signal lever in Rester's automobile, he found it was in the "up" position  indicating that Rester may have indeed signaled before turning. However, he conceded that the lever could have been pushed up after the accident. He did not know whether the signal was inoperative.
Other witnesses' testimony provided no clue to culpability and, thus, need not be discussed.

3. The Law Applied to the Evidence

Whether Lott, Rester, or both were negligent seems to depend upon whose testimony one chooses to accept as truthful. The jury accepted Lott's testimony and found that the plaintiff failed to establish by a preponderance of the evidence that Lott was negligent. In Motorola Communications & Electronics v. Wilkerson, 555 So.2d 713, 722 (Miss. 1989), an analogous issue was presented to this Court, which concluded: "Whether the collision was caused by the negligence of the decedent or the negligence of appellant ... is a factual toss-up to be determined by the jury."
In the case sub judice, the jury assimilated conflicting testimonial versions of what happened and then rendered its fact-finding. Applying the law to the evidence, this Court is unconvinced that no "reasonable hypothetical juror" could have found as the jury in this case found. The judge's denial is affirmed.

B. Issue # 2
Rester also moved for a new trial, which the judge denied. Rester contends that the judge erred since the jury's verdict is against the overwhelming weight of the evidence.

1. The Law

The standard applicable to this Court's review of a denial of a new-trial motion is whether the trial judge abused his discretion. See MISS.R.CIV.P. 59; Kitchens v. Mississippi Ins. Guar. Ass'n, 560 So.2d 129, 132 (Miss. 1989); see also Jesco, Inc. v. Whitehead, 451 So.2d 706, 715-16 (Miss. 1984).

2. The Evidence

See Subsection II(A)(2), supra, for a discussion of the evidence presented at trial.

3. The Law Applied to the Evidence

Applying the law to the evidence, this Court is unconvinced that the judge's denial of Rester's motion constituted an abuse of discretion. The denial is affirmed.

C. Issue # 3
The trial judge granted Instruction No. D-9, which essentially provided Lott's version of the events which led to the accident. Rester contends that the judge erred by granting this instruction because: (1) "There is no basis in the facts for granting" the instruction; (2) The instruction did "not advise the jury as to which way Rester was going to turn, which way he did turn, whether there was necessity for signalling a right turn and what type of signals, if any, were appropriate"; (3) "Assuming for the sake of argument that Rester did fail to signal a turn, [then] such negligence ... is at best a proximate contributing cause of the accident"; and (4) The instruction is misleading.
Lott contends that the judge did not err simply because "[a] well established rule in Mississippi is that a jury instruction will not be granted unless there is some basis for it in the evidence." Lott then adds that "there was adequate evidence in the record *1269 to support [the] instruction" and that it was up to the jury to decide if Rester, Lott, or both were blameworthy. The jury determined that only Rester was blameworthy and that Lott acted "as a reasonable and prudent person."

1. The Law

Lott correctly noted that a "jury instruction will not be granted unless there is some basis for it." See, e.g., Detroit Marine Engineering v. McRee, 510 So.2d 462, 465 (Miss. 1987). The evidence presented at trial leads this Court to conclude that a basis did indeed exist for the judge's granting of Instruction D-9. The instruction essentially was a restatement of Lott's version of what happened, and it instructed the jury to return a verdict for Lott if it believes Rester failed to meet his burden to prove that Lott acted negligently. Instructions 6-A, 7-A, and P-14 are basically D-9's counterpart; they restated Rester's version of what happened and instructed the jury to return a verdict for Rester if it believes he met his burden. These and all other instructions read together adequately and clearly restated both parties' versions and discussed pertinent law including liability. Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 40-41 (Miss. 1989) (one inadequate instruction may be cured if all instructions, read together, adequately and clearly state the law).
The validity of Rester's contention dims in view of the fact that all but one of his proposed instructions were granted. The only one that was not granted was P-1, which was a peremptory instruction.
In sum, this Court is unconvinced that the granting of D-9 was improper. The judge's decision is affirmed.

III. CONCLUSION
For the foregoing reasons, the jury's verdict shall remain undisturbed. This Court's affirmance, however, may not be construed to mean that Rester was negligent. The jury found that Rester did not meet his burden to prove that Lott was negligent; this finding does not logically and definitively lead to the conclusion that Rester was negligent.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS AND DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.