597 So.2d 1282 (1992)
MUNFORD, INC.
v.
Bettie FLEMING.
No. 07-CA-59432.
Supreme Court of Mississippi.
April 22, 1992.
*1283 Forrest W. Stringfellow, Trudy D. Fisher, Daniel Coker Horton & Bell, Jackson, James B. Galloway, Galloway & Galloway, Gulfport, for appellant.
Jim W. Rose, Gulfport, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
DAN M. LEE, Presiding Justice, For The Court:
On January 22, 1988, the Circuit Court of Harrison County entered a judgment upon a jury verdict finding for Bettie Fleming (Fleming) and awarded $100,000.00 (one hundred thousand dollars) in damages resulting from her injuries suffered in a fall at a Majik Market owned by Munford, Inc. (Munford). Feeling aggrieved, Munford appeals and assigns two errors.
I. The Trial Court erred in denying the motion for judgment notwithstanding the verdict filed on behalf of Munford, Inc.
II. The Trial Court erred in granting instruction P-7 because it is an erroneous statement of the law, misleading and confusing to the jury.
We have carefully reviewed the record of proceedings in the Circuit Court, and find sufficient evidence was presented to the jury to support a finding that a puddle of water, in which Fleming slipped, was created through Munford's negligence. Accordingly, we affirm the judgment entered by the Circuit Court.

FACTS
On April 28, 1986, Fleming and her husband stopped by a Majik Market convenience store, which was owned by Munford, in Gulfport, Mississippi. While she waited outside, her husband entered the Majik Market to purchase groceries. Realizing her husband did not know they were out of Pepsi-Cola, Fleming followed him into the store, where she saw him at the cash register. After telling him to pay for a Pepsi, she walked to a Pepsi display, which was set-up in an aisle along with several other beverage displays that partially blocked the aisle by leaving only enough room for one person to walk through. As she walked through the narrowed aisle, she slipped in a puddle of water and fell on her "neck, head and back area."
Fleming's husband and Linda Ford-Cuevas (Ford-Cuevas), who was the only Munford employee on duty at the time of the accident, went to assist Fleming who was lying in the aisle. They determined that Fleming had slipped in a puddle of water which had leaked from the spout of a bottle of spring water that sat upon one of the store's shelves. Fleming testified she was "wet all over," and her husband stated the water was not only "dirty," but also "all over the floor." Ford-Cuevas agreed Fleming had "some water on her," but she also stated that the bottle was leaking at a "pretty heavy drip," and only a small amount of water had leaked from the bottle.
Ford-Cuevas testified that she and other clerks customarily stocked the shelves with bottles of spring water, and when she walked through the aisles she would customarily adjust the bottles of water on the shelves. On the day of the accident, she stated she had walked through the aisles one to two hours before the accident, at which time there had been no water on the floor, and during the one or two hours that elapsed between the time she walked through the aisles and the time the accident occurred, twenty-five to thirty people had been in the store.

I.
In the first assignment of error, Munford asserts the Circuit Court erred in denying its motion for a judgment notwithstanding the verdict, because the evidence was insufficient to show Munford breached the duty it owed to Fleming. Our standard of review regarding a denial of a judgment notwithstanding the verdict or a peremptory instruction are the same. Motorola Com. & Electronics v. Wilkerson, 555 So.2d 713, 723 (Miss. 1989); Mississippi Farm Bureau Mut. Inc. Co. v. Todd, 492 *1284 So.2d 919, 927 (Miss. 1986) (quoting Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 656 [Miss. 1975]). Likewise, our standard of review for a denial of judgment notwithstanding the verdict and a directed verdict are identical. Litton Systems, Inc. v. Enochs, 449 So.2d 1213 (Miss. 1984). Under this standard, this Court will:
consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, [we are] required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. Id. at 1214.
In numerous cases, we have spoken to the duty owed by a store proprietor to its customers. In Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293 (Miss. 1988), we stated:
[t]he owner or operator of business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition and, if the operator is aware of a dangerous condition which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition. Waller, supra [Waller v. Dixieland Food Stores, Inc., 492 So.2d 283 (Miss. 1986)]; Wilson v. Allday, 487 So.2d 793 (Miss. 1986); Downs v. Corder, 377 So.2d 603 (Miss. 1979); J.C. Penney Co. v. Sumrall, 318 So.2d 829 (Miss. 1975). The owner or occupant is not an insurer against all injuries. Kroger, Inc. v. Ware, 512 So.2d 1281 (Miss. 1987); First National Bank of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968); Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579 (Miss. 1967).

When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown. Waller, supra; Douglas v. Great Atlantic & Pacific Tea Co., 405 So.2d 107 (Miss. 1987); Miller's of Jackson, Meadowbrook Road, Inc. v. Newell, 341 So.2d 101 (Miss. 1977); Miss. Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963). When a dangerous condition on the premises or floor is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence. Waller, supra.

Thompson at 295 (emphasis added).
Regarding how a store operator's constructive knowledge of a dangerous condition may be shown, we stated in Waller v. Dixieland Food Stores, Inc., 492 So.2d 283 (Miss. 1986):
[c]onstructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it.
Id. at 385 (citing Douglas, 405 So.2d at 120; Hughes, 247 Miss. at 584, 156 So.2d 734).
The rule that emerges from these authorities is that for a plaintiff to recover in a slip-and-fall case, he must show the proprietor had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, or the dangerous condition was created through a negligent act of a store's proprietor or his employees.
Therefore, for the Circuit Court's denial of a motion for judgment not withstanding the verdict in the case sub judice to have been in error, the evidence introduced could not have allowed hypothetical, reasonable jurors to differ over whether Munford's employees had actual knowledge of the water puddle, or whether the employees had constructive knowledge, or in the alternative whether the employees negligent acts created the puddle. McIntosh v. Deas, 501 So.2d 367, 370 (Miss. 1987).
*1285 In the case sub judice, there was no contention that Munford's employees had actual knowledge of the pool of water. Moreover, when we view the evidence presented in light of previous decisions regarding a plaintiff's burden of showing constructive knowledge, there may have been insufficient evidence to show the puddle existed for a sufficient amount of time to establish constructive knowledge. In Thompson, 528 So.2d at 294, we found the evidence insufficient to show constructive knowledge when a plaintiff slipped in a puddle of pine scented cleaner, which witnesses described as being dirty and having shopping cart tracks running through it. In Waller, 492 So.2d at 286, we found the evidence insufficient to prove constructive notice where a store employee had checked an aisle at 10:00 a.m. and an accident occurred at 12:30 p.m., because we reasoned it was "just as logical to presume the liquid was spilled at 12:29 p.m. as it [was] to presume the liquid was spilled at 10:01." Similarly, in Douglas, 405 So.2d at 110, we also found the evidence was insufficient to show constructive knowledge when a store employee walked an aisle at 11:30 a.m. and an hour and a half later a customer slipped and fell in a pool of water near a frozen food case.
Concerning the issue of whether the puddle of water was created through negligent acts of Munford's employees, however, there was sufficient evidence presented which could have allowed the jurors to conclude that the leak in the bottle of water was caused by Munford's employees' handling of the bottle. According to Ford-Cuevas, the bottles of water were placed on the shelves by Munford's employees, and she regularly adjusted the bottles on the shelves; however, she denied ever having placed a leaking bottle on a shelf or having handled the bottles in a way that would have opened the spout, and she stated that during the two to three hours between when she checked the aisles and when Fleming fell, twenty-five to thirty customers entered the store. While upon this evidence the jury could have found one of the customers caused the bottle to leak, it was also possible that the jury  having heard Ford-Cuevas's testimony and viewed her credibility  found she either failed to see the puddle, or she adjusted the water bottles and accidentally caused one of them to leak.
In Hughes, 247 Miss. at 588-589, 156 So.2d 734, we encountered a virtually identical factual situation and argument as is present in the case sub judice. In that case, a plaintiff slipped on vermicelli that had spilled from a store shelf onto the floor after its package had been sliced open. Shortly before the accident occurred, several children were seen leaving the store with "spaghetti" in their hands, which could have implied that they opened the package; however, when the store's employees stocked the shelves, they opened cases of vermicelli packages by cutting them with a knife, which could have implied the employees caused the vermicelli to spill. In affirming a verdict for the plaintiff and addressing the evidence which pointed towards two possible causes of the plaintiff's fall, we stated:
... the jury was not required to accept defendant's [the store's] contention that the ... children damaged the package and were the sole proximate cause of this accident, and thus to absolved defendants from liability. The claims of appellants would have to be based on circumstantial evidence and inferences, and these also were considerations for the jury, which declined to accept them.
Id.
Like Hughes, the case sub judice presents a factual question of causation that was subject to different determinations.[1] Because this determination was properly for the jury to make, we find the Circuit Court did not err in denying Munford's motion for a judgment notwithstanding the verdict.

*1286 II.
Additionally, Munford contends the Circuit Court erred in granting jury instruction P-7, which stated:
[t]he Court instructs the jury that if you find from a preponderance of the evidence in this case that the water on the floor had dripped there from a container of water and that container of water had been placed on the shelf by an employee of Defendant Munford, Inc. and that the Defendant's employees failed to inspect the container of water for leakage, then the Defendant Munford, Inc. was negligent and your verdict must be for the Plaintiff, Bettie Fleming.
(CP 59)
Munford asserts this jury instruction not only misstated the law in that it allowed the jury to find for Fleming without making a factual finding that the puddle of water existed for a sufficient amount of time to provide Munford with constructive knowledge of the puddle, but also the instruction lacked an evidentiary basis in that no evidence was introduced which tended to show whether Munford's employees inspected the bottle, or whether the bottle was leaking, when it was placed on the shelf.
It is, of course, error to grant a jury instruction that misstates the law applicable to a case. City of Jackson v. Keane, 502 So.2d 1185, 1187 (Miss. 1987). However, in the case sub judice, a finding that Munford received constructive notice of the water spill was not a prerequisite for a judgment in favor of Fleming; rather, a finding of constructive notice was but one of three theories upon which Fleming could have recovered.[2] Further, when we view the propriety of a jury instruction, we will view the questioned instruction in light of all other instructions which were given to determine whether the jury was correctly instructed. Rester v. Lott, 566 So.2d 1266, 1269 (Miss. 1990) (citing Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 40 [Miss. 1989]). In the case sub judice, the Circuit Court also gave instruction C-10, which accurately stated the law as applied to constructive notice. This instruction stated:
[i]f you find from a preponderance of the evidence in this case that water dripped on the floor of the Majik Mart Store from a dripping container of water and that the water had been on the floor of the store for such a period of time, under the circumstances then and there existing, that in the exercise of ordinary and reasonable care that the agent of the Defendant should have discovered it and either cleaned it up or warned the Plaintiff of the condition then if you so believe by a preponderance of the evidence then you shall return a verdict for the Plaintiff.
Therefore, in viewing all of the instructions given, we find the Circuit Court adequately informed the jury as to the law applicable to the case sub judice.
Concerning the assertion that instruction P-7 lacked an evidentiary basis, Munford correctly points out that for a jury instruction to be properly given, there must be an evidentiary basis for it. Rester v. Lott, 566 So.2d 1266, 1269 (Miss. 1990) (citing Detroit Marine Engineering v. McRee, 510 So.2d 462, 465 [Miss 1987]). However, in the case sub judice, Ford-Cuevas testified she and other employees placed the water bottles on the store shelf, and she, personally, had never placed a leaking bottle on the shelf. Further, she stated she customarily adjusted the bottles, but in doing so had never caused one to leak. However, Ford-Cuevas admitted the bottle leaked and created a puddle on the floor, and Fleming slipped and fell in it. Therefore, evidence was introduced to support the instruction's going to whether Munford's employees placed the bottle on the shelf and examined it for leakage. Moreover, in granting this instruction, the Circuit Court explicitly stated the instruction was based on Hughes, supra, in which we found a store proprietor breached his *1287 duty to a customer when his employees created a dangerous condition in placing merchandise upon the store's shelves. 247 Miss. at 584, 156 So.2d 734. Therefore, we find the evidence introduced in the case sub judice supported jury instruction P-7.

CONCLUSION
In conclusion, we cannot say there was insufficient evidence introduced for the jury to have reasonably concluded the puddle of water in which Fleming slipped was created through the actions of Munford's employees. Further, we find jury instruction P-7 accurately stated the law as to a dangerous condition created by a store's employees, and the instruction had an evidentiary basis. Accordingly, the judgment upon the jury verdict entered by the Harrison County Circuit Court is affirmed.
AFFIRMED.
PRATHER, SULLIVAN and McRAE, JJ., concur.
HAWKINS, P.J., dissents by separate written opinion, joined by ROY NOBLE LEE, C.J., and ROBERTSON and BANKS, JJ.
PITTMAN, J., concurs in result only.
HAWKINS, Presiding Justice, dissenting:
I respectfully dissent.
This accident occurred in a convenience store around 8:00 p.m., in which only one person was on duty, Linda Ford-Cuevas. The plaintiff, Mrs. Bettie Fleming, slipped on the floor where there was some water. There is no dispute but that the water came from a two and a half gallon bottle of Zephyr Hills distilled water on the bottom shelf of a display counter. The contents had leaked approximately an inch to an inch and a half from the bottle, and dripped onto the shelf and then onto the floor. These bottles are opened by tearing off and removing a plastic tab from the spout. Cuevas testified that the tab to the bottle was partially open and she closed it.
Between six and seven p.m. Cuevas had inspected the aisle and there was no water on the floor. From the time of her inspection until the accident, 25 to 30 customers were in the store. This is all undisputed.
The majority correctly concludes there was no basis to find that the defendant had constructive notice of the leaking jug because the proof is uncontradicted that at 7:00 p.m. there was no leaking jug, and there is no way of determining from this record whether the leak had been there one minute or five minutes, and could have been caused by any of the 25 to 30 customers. As for the water being dirty, water on a public aisle will likely be dirty and Mrs. Fleming also testified her Pepsi could have been spilled as well. Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293 (Miss. 1988); Waller v. Dixieland Food Stores, Inc., 492 So.2d 283 (Miss. 1986).
The majority clearly errs, however, in finding that "there was sufficient evidence presented which could have allowed the jurors to conclude that the leak in the bottle of water was caused by Munford's employees' handling of the bottle." (Majority Opinion, p. 1285)
When? How? Cuevas had been on duty since 1:45 p.m. that day, and manifestly if it was any employee of Munford who opened that bottle, it had to be her. She testified that she had not touched the bottle that day, and this is uncontradicted. The majority tells us nevertheless that it was "possible that the jury  having heard Ford-Cuevas's testimony and viewed her credibility  found she either failed to see the puddle, or she adjusted the water bottles and accidentally caused one of them to leak." (Majority Opinion, p. 1285)
This is just fine and dandy, but how is the majority to reach this conclusion from her testimony except to find precisely opposite what she testified? The majority has to find that she was a liar, and I did not know that a jury or this court was at liberty to make such a finding in the absence of a record supporting it. Edwards v. Mid-State Paving Co., 300 So.2d 794 (Miss. 1974); Fisher v. Daniels, 252 Miss. 662, 173 So.2d 908 (1969). Cuevas was never impeached, and there is absolutely nothing in this record about any of her *1288 testimony that is incredible or unbelievable; indeed, the record supports a precisely opposite conclusion.
The majority's ill-considered reliance on Mississippi Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963), in its misapplication of the law will be readily seen from examining the facts in that case. The plaintiff, an 84-year-old lady, slipped where vermicelli had spilled from a bag out onto the floor. An employee of the store testified that the bag appeared to have been cut, "either by a case opener or gouged by a long finger nail." 247 Miss. at 586, 156 So.2d at 737. Proof further showed that employees of the store opened boxes with sharp "case cutters, by sitting the box up, and cutting around the top of it." 247 Miss. at 587, 156 So.2d at 737. This Court there found that there was positive evidence to find that the cut in the bag was caused by an employee of the store in stocking the merchandise. Also in Hughes there was evidence from which the jury could have found that the defendant had constructive notice of the vermicelli on the floor. 247 Miss. at 587, 156 So.2d at 738.
Mrs. Fleming, who already had an injured neck, slipped and fell and no doubt re-injured her neck. Yet there is no basis in our law to find the defendant legally responsible for this accident. I would reverse and render, and I respectfully dissent. Jerry Lee's Grocery, Inc. v. Thompson.
ROY NOBLE LEE, C.J., and ROBERTSON and BANKS, JJ., join this opinion.
NOTES
[1] One difference between these two cases, we note, was that in Hughes the package of vermicelli was introduced into evidence, while in the case sub judice, the bottle was not introduced because Ford-Cuevas refused to allow Fleming's husband to purchase it after his wife's fall, and the bottle was apparently misplaced while in Munford's control.
[2] As discussed, infra, a plaintiff may recover under any of three theories: when a store's proprietor has actual notice of a dangerous condition, when a proprietor has constructive notice and of the condition, or when the proprietor or his employees create the dangerous condition.