**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-60353
_____

ROBERT TRAVIS,                                                            Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:00-CV-36)

_____

June 26, 2002

Before POLITZ, STEWART, and CLEMENT, Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:[**]

Robert Travis ("Travis") appeals the entry of judgment as a matter of law in favor of Wal-

Mart Stores, Inc. ("Wal-Mart") on his negligence claim. For the reasons set forth below, we

VACATE and REMAND.

_____

[*] Judge Politz was a member of the panel that heard oral arguments. However, due to his death on May 25, 2002, he did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. § 46(d) (1996).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## FACTUAL AND PROCEDURAL HISTORY

While shopping in Wal-Mart, Travis slipped and fell. The spot where he fell was next to a frozen food bunker and a drain. Travis sued Wal-Mart in federal court pursuant to diversity jurisdiction. The parties agreed to try the case before Magistrate Judge S. Allen Alexander. Witnesses for Travis testified that the area in question was wet. Wal-Mart denied this allegation, despite the fact that photographs of the location taken soon after the accident show that water was present near the bunker and drain. The photographs also reveal that paper towels were used to dry the floor after Travis's fall. At the close of the plaintiff's case, the court, by way of a brief oral ruling, granted Wal-Mart's Rule 50 motion for judgment as a matter of law.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for judgment as a matter of law *de novo*, applying the same standard as the trial court. Ellis v. Weasler Eng'g , Inc., 258 F.3d 326, 336 (5th Cir. 2001) (internal quotations omitted). "Whether the evidence presented at trial is sufficient to create an issue of fact for the jury or will permit the court to enter judgment as a matter of law is governed by federal rather than state law." Id. The standard of review is highly favorable to the nonmoving party. In considering a judgment as a matter of law, "the court must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." Id. at 337. The court must also "disregard all evidence favorable to the moving party that the jury is not required to believe." Id.

## DISCUSSION

Under Mississippi law, "for a plaintiff to recover in a slip-and-fall case, he must show [that] the proprietor had actual knowledge of a dangerous condition, *or* [that] the dangerous condition

2

existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* [that] the dangerous condition was created through a negligent act of a store=s proprietor or his employees." Munford, Inc. v. Fleming, 597 So. 2d 1282, 1284 (Miss. 1992); see also Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994) (applying Mississippi standards for premises liability).

The record provides no evidence tending to show that Wal-Mart had actual knowledge of the dangerous condition. As such, Travis must show either constructive knowledge or that the dangerous condition was caused by Wal-Mart or its employees. See Munford, 597 So. 2d at 1284.

### A. Constructive Knowledge

"Constructive knowledge [of a dangerous condition] is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." Drennan v. Kroger Co., 672 So. 2d 1168, 1170 (Miss. 1996). The Supreme Court of Mississippi has recently held that a hotel guest who slipped on an oil spill on a hotel=s driveway was entitled to present the issue of constructive knowledge to a jury, despite the fact that there was conflicting evidence regarding how much time elapsed since the oil was spilled. Anderson v. B.H. Acquisition, Inc., 771 So. 2d 914, 918-19 (Miss. 2000). Unlike the plaintiff in Anderson, who relied on disputed evidence in order to raise a jury question, Travis has not presented any evidence regarding how long the water might have been present. In fact, Travis conceded that he could not show that the dangerous condition existed for any length of time. As such, Travis cannot establish constructive knowledge.

### B. Proprietor Negligence

The trial court's decision to grant judgment as a matter of law was based on Douglas v. Great

3

Atl. & Pac. Tea Co., 405 So. 2d 107 (Miss. 1981). In Douglas, a "slip and fall" jury verdict in favor of the plaintiff was set aside because "[t]here was no evidence to indicate the source of the water [on which the plaintiff had slipped] or how long the water had been there." Id. at 111. At issue in Douglas, however, was the plaintiff's failure to prove actual or constructive notice. For the reasons explained above, we agree that Travis cannot meet this burden. However, notice is not required when the dangerous condition is caused by the proprietor or its employee. Munford, 597 So. 2d at 1284.

The trial court's reliance on Douglas is misplaced because Douglas did not involve a drain located in a public area of the store. This fact, together with recent Mississippi case law, leads us to conclude that Travis presented sufficient evidence for this case to have gone to the jury on the theory that the dangerous condition was caused by a negligent act of Wal-Mart or its employees. Under Mississippi premises liability law, proprietor negligence "may be proven even by circumstantial evidence, that is evidence of a fact, or a set of facts, from which the existence of another fact may reasonably be inferred." Hardy v. K Mart Corp., 669 So. 2d 34, 38 (Miss. 1996) (internal quotations and citation omitted). The "circumstantial evidence must be such that it creates a legitimate inference that places it beyond conjecture." Id. This last restriction does not mean, however, that the inference drawn from the circumstantial evidence must be beyond dispute, for the Hardy court ultimately held that summary judgment on the negligence issue was inappropriate despite the fact that the evidence was "fragmentary" and inconclusive. Id. at 38-39. Although it was not evident whether the defendant had actually been negligent or, if it had, whether the negligence was the cause of the fall, the court refused to grant summary judgment, because Hardy might have made out a case if "the facts in this matter [had] been more fully developed." Id. at 39.

4

Although the present case was decided by the court after the plaintiff presented his evidence at trial, rather than on a summary judgment motion, it is similar to Hardy in relevant respects. In Hardy, negligence was alleged because the plaintiff had slipped on spilled paint. The spill was alleged to have occurred because employees had stacked paint cans in an unsafe manner. In the instant matter, the water that Travis slipped on is alleged to have accumulated because of negligent placement and handling of the frozen food bunkers by Wal-Mart employees. Witnesses who saw the water described it as water that appeared to be coming out from under the bunker into a drain located on the floor where customers were expected to walk. Travis testified that it appeared that the drain may have been clogged, thereby causing water to gather on the floor. On the other hand, Wal-Mart denied the presence of water on the floor, denied that any water leaked from the bunker, and denied that the drain near the bunker is probative of its negligence. We cannot say, as a matter of law, that a reasonable jury could not conclude, from the circumstantial evidence in this case, that Wal-Mart or its employees caused the dangerous condition. Just as in Hardy, neither side has presented *conclusive* evidence in support of its position on this point. When a premises liability negligence action "presents a factual question of causation, that [is] subject to different determinations," the necessary "determination [is] properly for the jury to make." Munford, 597 So. 2d at 1285. The issue is therefore a factual matter that should be decided by a jury.

CONCLUSION

The trial court erred in granting judgment as a matter of law. Accordingly, the judgment is VACATED and we REMAND for further proceedings consistent with this opinion.

VACATED and REMANDED.

5