IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-7540
Summary Calendar
_____


JOE LINDSEY and
BETTY LINDSEY,

Plaintiffs-Appellants,

versus

SEARS ROEBUCK AND COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(J92-CV-393)
_____
(January 28, 1994)

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]


Plaintiff-appellant Joe Lindsey and his wife, Betty Lindsey
("the Lindseys"), appeal the district court's grant of summary
judgment in favor of defendant-appellee Sears, Roebuck & Co.
("Sears").  Because we find that the Lindseys failed to provide

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

evidence on a necessary element of their cause of action, we affirm the district court's entry of summary judgment in favor of Sears.

I

On June 20, 1990, while shopping at Sears in Jackson, Mississippi, Mr. Lindsey allegedly tripped and fell over the blade of a sickle mower that was protruding into the aisle.[1]  Although Mr. Lindsey initially thought that he was uninjured, he subsequently developed back problems that his doctors attributed to his fall at Sears.  Mr. Lindsey and his wife sued Sears, alleging that Sears's negligence caused Mr. Lindsey's injury.  Sears moved for summary judgment, arguing that the Lindseys failed to produce evidence demonstrating that there was a genuine issue of material fact as to whether the dangerous condition was caused by Sears, or whether Sears had actual or constructive knowledge of the dangerous condition.  After finding that the Lindseys failed to produce such evidence, the district court granted Sears's motion, and the Lindseys appeal.

II

On appeal, the Lindseys argue that the district court erred in granting summary judgment in favor of Sears.  Specifically, they contend that because this is a negligence action, summary judgment is inappropriate because the question of the reasonableness of the

---

[1]A question of fact exists as to whether Mr. Lindsey was ever actually involved in an accident at Sears.  However, for purposes of this opinion, we will assume, as the district court did, that the incident in question actually occurred.

defendant's conduct is a question for the jury. They further contend that the district court improperly determined the credibility of witnesses. We review de novo a district court's grant of summary judgment, viewing the record in the light most favorable to the non-movant. Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 79 (5th Cir. 1987).

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 2553-54; see also, Moody v. Jefferson Parish School Board, 2 F.3d 604, 606 (5th Cir. 1993); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 190 (5th Cir. 1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Initially, the Lindseys make the blanket assertion that summary judgment is inappropriate in negligence cases because such cases require the trier to pass upon the reasonableness of the

defendant's conduct in determining whether that conduct constitutes negligence. This is generally true, see Gauck v. Meleski, 346 F.2d 433, 437 (5th Cir. 1965), provided that the plaintiff has produced, with respect to each element of his cause of action, competent proof that will withstand summary judgment. Although the Lindseys contend that they properly demonstrated that "there is a genuine issue as to a material fact as to whether Sears was negligent in placing a sickle mower on the corner of an aisle," they failed to provide evidence on all necessary elements of their cause of action.

Under Mississippi law, an operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992); Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss. 1988). The operator of a business, however, is not an insurer against all injuries. Munford, Inc. v. Fleming, 597 So.2d at 1284. Thus, merely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent. Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966)(the doctrine of res ipsa loquitur is inapplicable in premises liability cases). To prove that the operator was negligent, the plaintiff must show either [1] that the operator caused the dangerous condition, or, [2] if the dangerous condition was caused

-4-

by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition. <u>Munford, Inc. v. Fleming</u>, 597 So.2d at 1284; <u>Waller v. Dixieland Food Stores, Inc.</u>, 492 So.2d 283, 285 (Miss. 1986). Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition. <u>Munford, Inc. v. Fleming</u>, 597 So.2d at 1284.

After carefully reviewing the record in this case, we are unable to find any evidence demonstrating that Sears either caused the dangerous condition, or that Sears had actual or constructive knowledge of a dangerous condition caused by an unrelated third party. Instead of providing evidence on this necessary element of their cause of action, the Lindseys merely <u>assumed</u> that Sears was responsible for the location of the sickle mower, thus causing the dangerous condition. Mississippi law, however, requires the plaintiff to demonstrate that the dangerous condition was the result of an affirmative act of the proprietor. <u>See</u> <u>Sears, Roebuck & Co. v. Tisdale</u>, 185 So.2d at 917. Moreover, Sears presented evidence demonstrating that it did not have actual or constructive knowledge of the dangerous condition, yet the Lindseys presented no contradicting evidence that could serve as a basis for a jury verdict in their favor. Because the Lindseys failed to provide

evidence on a necessary element of their cause of action, summary judgment in favor of Sears was appropriate.[2]

IV

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.

---

[2]In his brief, Mr. Lindsey contends that the district court improperly made credibility determinations in favor of Sears. Specifically, he refers to the conflicting testimony of the Sears employees who stated that they had no recollection of any accident and the testimony of other bystanders who saw the accident. Although there is a question of fact concerning whether the accident occurred at all, the district court assumed arguendo that the accident occurred, thus viewing the conflicting evidence in the light most favorable to the non-movant Mr. Lindsey.