**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60039
Summary Calendar

GLYNDA M. MOODY,

Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.,
d/b/a SAM'S WHOLESALE CLUB,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(1:93-CV-567-GR)

November 30, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Glynda Moody appeals the grant of judgment as a matter of law in favor of Wal-Mart Stores, Inc. (d/b/a Sam's Wholesale Club) in this "slip-and-fall" case.   Finding no error in the district

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

court's judgment, we affirm.

## BACKGROUND

Glynda Moody was shopping at Sam's Wholesale Club on November 25, 1991 when she stepped on a piece of fruit and fell. Moody's daughter Johnna witnessed her fall. According to Mrs. Moody and Johnna, an employee approached Mrs. Moody after her accident and admitted that he had seen the fruit on the floor and had intended to remove it. The alleged employee has never been identified, and all other employees who responded to the incident denied making or hearing that statement.

Johnna testified that she had seen the fruit on the floor ten to fifteen minutes before the accident, but did not inform her mother or any employee about the condition. Lennie Roberson, a Wal-Mart employee, testified that he swept the entire store, including the aisle where the incident occurred, within an hour and fifteen minutes of the accident.

On appeal, Moody alleges that the district court erred in granting judgment as a matter of law in favor of Wal-Mart. Appellant contends that there is sufficient evidence for a jury to decide: (1) whether Wal-Mart had actual knowledge of the dangerous condition; and (2) whether Wal-Mart had constructive knowledge of the condition. After reviewing the record, we are unable to find sufficient evidence to support a jury determination that Wal-Mart had actual or constructive knowledge.

## DISCUSSION

Under Mississippi law, an operator of a business owes a duty

to an invitee to exercise reasonable care to keep the premises in reasonably safe condition. Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994). The operator of a business, however, is not an insurer against all injuries. Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992). Thus, the plaintiff must demonstrate that the operator of a business was negligent. Lindsey, 16 F.3d at 618. To prove negligence, the plaintiff must show either that (1) the business caused the hazardous condition; or (2) that the operator had either actual or constructive notice of a dangerous condition caused by a third person. Id.

Moody does not argue that Wal-Mart caused the dangerous condition. Therefore, to avoid judgment as a matter of law, Moody must show that a jury could reasonably find that Wal-Mart "had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge." Munford, 597 So.2d at 1284. Absent evidence creating a material fact dispute, judgment as a matter of law must be affirmed.

Moody first argues that Wal-Mart had actual knowledge of the dangerous condition. Appellant claims that the district court erred by assessing the credibility of Mrs. Moody's and Johnna's testimony about the unidentified employee. The district court, however, did not usurp the jury's duty to assess credibility. Rather, as required by Rule 50, the court compared this statement to the other evidence, and concluded that the evidence was insufficient to create a question for the jury.

3

We likewise hold that a reasonable jury could not conclude that Wal-Mart had actual knowledge of the fruit on the floor. Under Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir. 1969) (en banc), to survive judgment as a matter of law, "[t]here must be a conflict in substantial evidence to create a jury question." Even if the evidence is more than a scintilla, "Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict." Neely v. Delta Brick and Tile Co., Inc., 817 F.2d 1224, 1225 (5th Cir. 1987).

Mrs. Moody and Johnna's testimony is not sufficient to create a jury question regarding Wal-Mart's actual knowledge. Appellant offered no evidence to establish that the unidentified man was indeed a Wal-Mart employee. Moreover, the Wal-Mart employees who responded to the accident denied making or hearing the alleged statement. In addition, these employees testified that they did not see the fruit on the floor prior to the accident, and confirmed Wal-Mart's safety training and procedures, which require employees to clean immediately any materials found on the floor or remain with potential hazards until other personnel arrive with cleaning equipment. Thus, the alleged statement by the unknown person does not create a jury question in view of the strong evidence to the contrary.

Moody also argues that Wal-Mart had constructive knowledge of the fruit causing her accident. In Mississippi, constructive knowledge is established by proof that the condition existed for a

4

period of time that would alert a reasonably diligent proprietor. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986). The Mississippi Supreme Court has repeatedly held that proprietors are under no duty to discover hazards within a matter of minutes. See Munford, Inc. v. Fleming, 597 So.2d 1282, 1285 (Miss. 1992); Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 294 (Miss. 1988).

Johnna testified that she had seen the fruit on the floor ten to fifteen minutes before the accident, but did not inform her mother or any employee about the condition. The testimony of Lennie Roberson, a Wal-Mart employee, established that he swept the store approximately one hour prior to the incident. Wal-Mart was not under a duty to discover the hazard during the short time between the sweep and the accident. Therefore, the time frame established by the evidence does not support Moody's claim that Wal-Mart had constructive knowledge of the danger.

Mrs. Moody argues that a sugar spill in the main aisle twenty to twenty-five minutes prior to the accident undermines the evidence that Roberson swept the store in a reasonable manner. Roberson denied seeing the spill when he swept the main aisle five minutes before Moody's accident. However, Lynita Calvert, another Wal-Mart employee, noticed the spill twenty to twenty-five minutes before the accident, and called for its immediate clean-up. Thus, the sugar spill would have been removed before Roberson swept the main aisle.

Appellant also argues that Calvert possessed constructive

5

knowledge of the condition because twenty minutes prior to the fall she noticed a woman eating fruit from a jar. Calvert, however, immediately notified another employee, who then attempted to locate the patron. Calvert testified that she did not see any of the fruit fall to the floor, and did not observe the patron eating in the aisle where Moody's accident occurred. Calvert's testimony, therefore, does not establish constructive knowledge of the fruit causing the accident.

Appellant finally argues that Calvert's awareness of both the patron eating fruit from a jar and the sugar spill should have prompted her to inspect the general area. However, Calvert responded reasonably and quickly to both of these incidents. The combination of events would not lead a reasonable employee to suspect that a piece of fruit had fallen in another aisle.

For the foregoing reasons, the decision of the district court is AFFIRMED.