IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60578
Summary Calendar
_____

GROVER WINDHAM,

                                        Plaintiff-Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CV-89WS
- - - - - - - - - -
April 20, 1998

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Grover Windham appeals from the district court's grant of summary judgment for the defendant (hereinafter referred to as "the United States") on his premises-liability claim, filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, based on injuries he allegedly sustained while visiting his brother at the Veterans Administration Medical Center in Jackson, Mississippi.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a grant of summary judgment de novo.  Green v.
Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993).  Summary
judgment is appropriate when, considering all of the admissible
evidence and drawing all reasonable inferences in the light most
favorable to the nonmoving party, there is no genuine issue of
material fact and the moving party is entitled to judgment as a
matter of law.  Fed. R. Civ. P. 56(c); Little v. Liquid Air
Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  "[W]here the
non-movant bears the burden of proof at trial, the movant may
merely point to an absence of evidence," in order to meet the
initial burden for summary judgment.  Lindsey v. Sears Roebuck &
Co., 16 F.3d 616, 618 (5th Cir. 1994).  If the moving party meets
the initial burden of showing that there is no genuine issue, the
burden shifts to the nonmoving party to produce evidence or set
forth specific facts showing the existence of a genuine issue for
trial.  Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S.
317, 324 (1986).

The FTCA acts as a limited waiver of sovereign
immunity, making the United States liable in tort for certain
damages

> caused by the negligent or wrongful act or omission of
> any employee of the Government while acting within the
> scope of his office or employment, under circumstances
> where the United States, if a private person, would be
> liable to the claimant in accordance with the law of
> the place where the act or omission occurred.

28 U.S.C. § 1346(b); see Johnson v. Sawyer, 47 F.3d 716, 727 (5th
Cir. 1995)(en banc).  Under Mississippi law, the owner of a
premises owes a duty to an invitee to exercise reasonable care to
maintain the premises in a reasonably safe condition.  See

<u>Lindsey</u>, 16 F.3d at 618. As the doctrine of res ipsa loquitur is inapplicable in premises liability cases, the plaintiff must show that the owner was negligent by proving either: 1) the owner caused the dangerous condition; or, 2) if the dangerous condition was caused by a third person, that the owner had actual or constructive knowledge of the dangerous condition's existence. <u>See</u> <u>id.</u>

As none of the evidence contained in the record would support a finding that the United States caused, or had notice of, a puddle of water that allegedly caused Windham's fall, the United States was entitled to summary judgment. <u>See</u> <u>Douglas v. Great Atlantic & Pacific Tea Co.</u>, 405 So.2d 107, 110-11 (Miss. 1981)(directed verdict for premises-owner affirmed due to plaintiff's failure to prove defendant caused, or had notice of, puddle of water).

Accordingly, the district court's grant of summary judgment is AFFIRMED.