Janice and Hollie B. PARKER, Jr. Plaintiffs

v.

WAL–MART Defendant

No. CIV.A.3:00–CV–502WS.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 28, 2001.

Keith R. Raulston, Vikki J. Taylor, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Janice Parker, Hollie B. Parker, plaintiffs.

Edley H. Jones, III, Law Offices of Edley H. Jones, III, Ridgeland, MS, for Wal–Mart, defendant.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before this court is defendant Wal–Mart's motion for summary judgment filed pursuant to Rule 56(b) and (c),[1] Federal

---

1. Rule 56(b) and (c), Federal Rules of Civil Procedure, provide:

    **(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

    **(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse

Rules of Civil Procedure. By its motion, the defendant asks this court to grant summary judgment in its favor on the basis that in this "slip-and-fall" case, plaintiffs will be unable at trial to present any evidence of Wal–Mart's actual or constructive notice of the presence of a watery substance on the floor, which allegedly caused plaintiff, Janice Parker, to fall and suffer injuries. Although plaintiffs oppose the motion, this court is persuaded to grant it.

## I. *PARTIES AND JURISDICTION*

The plaintiffs, Janice Parker and Hollie B. Parker, Jr., husband and wife, are citizens of Mississippi. Claiming that she slipped and fell on defendant's premises, plaintiff Janice Parker (also "Mrs. Parker") sues for compensatory damages under a theory of negligence. Her husband, Hollie B. Parker, Jr., seeks damages for loss of consortium.[2]

The defendant Wal–Mart Stores, Inc. (hereinafter "Wal–Mart") is incorporated in the State of Delaware with its principal place of business in the State of Arkansas. Inasmuch as this court has jurisdiction over this controversy by authority of, diversity of citizenship, Title 28 U.S.C. § 1332,[3] this court sitting in Mississippi applies Mississippi's substantive law to the dispute herein, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II. *FACTS*

On July 4, 1998, at approximately 7:15 a.m., Janice Parker, shopping alone, stepped in a puddle of clear liquid and fell. Mrs. Parker had just obtained some vitamins from the pharmacy display shelf in the very front of the store and was looking to check out. She walked past several closed checkout lanes towards a lane that was open. As she approached the open lane, she walked through a closed checkout lane approximately 3 or 4 lanes from the open lane. Because Mrs. Parker was at the very front of the store, she walked the opposite way through the unoccupied checkout lane from that traveled by customers checking out. As she did so, she slipped in some liquid and fell in the unoccupied lane. Mrs. Parker saw no source for the liquid on the floor. She has no information how the liquid came to be on the floor, or the period of time that the liquid had been on the floor. Further, she knows of no employee who had personal knowledge of the liquid on the floor until she reported it. At the time she reported the incident, she told Wal–Mart that she did not know from where the liquid had come. Thus, Mrs. Parker has no admissible evidence to establish that any employee of Wal–Mart caused the spill, or knew the spill was on the floor before her accident. Nor can Mrs. Parker offer any proof on the length of time the spill was on

party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

**2.** Under Mississippi common law, a married man has a common law right to sue for loss of consortium through negligent injury of his

wife. This right is derivative of spousal action for personal injury. *Choctaw, Inc. v. Wichner*, 521 So.2d 878 (Miss.1988).

**3.** Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ...

the floor prior to her accident. All Mrs. Parker can say is that liquid was on the floor, that she slipped in the liquid, and that after her fall she observed a black skid mark in the area of the spill. The plaintiff, herself, was wearing white tennis shoes at the time and asserts that the skid mark was not caused by her shoes.

The testimony of Wal–Mart employees Leland Newman, Assistant Manager, Catherine Willie, Customer Service Manager, and Andy Lofton, Manager, establishes that between the hours of 10:00 p.m. and 7:00 a.m. a cleaning service by the name of Jani–King had cleaned the floors. Jani–King, additionally, was directed to watch out for hazards and to remove any hazards found. These above employees also testified, and Mrs. Parker does not dispute, that all employees of Wal–Mart who were working during those hours likewise were charged with the duty to inspect the floor and to check for any hazards.

### III. *CONCLUSIONS OF LAW*

As earlier stated, the court's jurisdiction over this lawsuit is predicated upon diversity of citizenship, Title 28 U.S.C. § 1332(a)(1). Pursuant to the case of *Erie R.R. Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court must apply the law of the State of Mississippi regarding the issues of negligence.

Rule 56(e) of Federal Rules of Civil Procedure provides in part that:

When a Motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If the adverse party does not so respond, Summary Judgment, if appropriate,

shall be entered against the adverse party.

As stated by the Court in the case of *Lindsey v. Sears Roebuck & Co.,* 16 F.3d 616 (5th Cir.1994);

However, where the non-movant bears the burden proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent Summary Judgment proof that there is an issue of material fact warranting trial.

*Id.* at 618. In *Lindsey,* where the Court ruled that the failure of the plaintiffs to demonstrate that Sears either caused a dangerous condition, or that Sears had actual or constructive knowledge of the dangerous condition caused by an unrelated third party, entitled Sears to summary judgment.

The language of Rule 56(c) as stated by the United States Supreme Court, "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial". *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)

Thus, the movant bears the initial burden of showing a basis for its motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The non-moving party must then indicate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548. The plaintiff does not satisfy her burden merely with "some metaphysical doubt as to the material facts, by conclusory allegations, or by only a scintilla of evidence". *Willis*

*v. Roche Biomedical Laboratories, Inc.*, 61 F.3d at 315 (5th Cir.1995). Plaintiffs, in sum, bear the burden of proof to remove the case from the realm of conjecture. Should plaintiffs here fail to meet that proof burden, this court must grant summary judgment. *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364 (5th Cir.1988).

▇ The fact that Mrs. Parker had an accident is not decisive of the issue of negligence *sub judice*, as observed in *Dickens v. Wal–Mart Stores, Inc.*, 841 F.Supp. 768 (S.D.Miss.1994), where this court addressed the plaintiff's burden of proof as follows:

> The fact that the Plaintiff suffered injuries as a result of a slip-fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act. The premises' owner is not considered the insurer of the safety of its invitees. *Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987)...

*Id.* at 770.

▇ Further, the fact that a spill of clear water existed on the premises of Wal–Mart also is not decisive on the issue of negligence. Rather, other facts must be proved by a plaintiff to establish a *prima facie* case of negligence.

▇ The test for liability in negligence actions has been defined in Mississippi as "what a reasonably prudent person would ordinarily have done in such a situation." *Pearl Public School District v. Groner*, 784 So.2d 911, 917 (Miss.2001). To impute negligence to a defendant in a "slip and fall" case under Mississippi law, the plaintiff must show either (1) that the defendant caused the dangerous condition, or (2) that the defendant had either actual or constructive knowledge of the hazard. *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284. Furthermore, the Court will not indulge in any presumptions as to the length of time a spill existed, as "... it is just as logical to assume that the [hazard] was thrown there two or three minutes before she stepped on it, and such a presumption is not sufficient to sustain a recovery ...." *Aultman v. Delchamps, Inc.*, 202 So.2d 922, 924.

Mrs. Parker's claim rests upon an argument of constructive notice. She concedes that she has no admissible evidence that any employee of Wal–Mart caused or knew of the spill encountered by her prior to her accident. To advance her constructive notice argument, Mrs. Parker relies upon three assertions: first, that Wal–Mart's policy required that an inspection be conducted at 7:00 a.m., but that Wal–Mart failed to document whether the inspection occurred; secondly, that the black skid mark indicates that the spill existed for such a length of time that Wal–Mart should have discovered it prior to Mrs. Parker's accident; and thirdly, that while Mrs. Parker was in the store she did not observe or hear a spill in the area of this register, and therefore, the spill must have occurred prior to her entry to the store.

▇ None of plaintiffs' arguments establishes a prima facie case. As to the plaintiffs' argument of the inspection to be conducted at 7:00 a.m., the plaintiffs concede that the law does not require Wal–Mart to conduct inspections of the premises on a certain schedule, nor to document any inspection that occurs. The plaintiffs also concede for the purpose of argument that neither a genuine issue of material fact nor liability is established by the failure to follow strictly a schedule for inspections set forth in the procedures of Wal–Mart. Furthermore, the plaintiffs concede that there is no admissible evidence establishing directly when the spill occurred. Thus, the plaintiffs are asking the court to engage in speculation and conjecture that

the spill existed prior to 7:00 a.m. and that an inspection at 7:00 a.m. would have discovered the spill. The court can engage in no such presumption as to when the spill occurred, as it is just as likely that the spill occurred after 7:00 a.m. and just moments before Mrs. Parker's fall. If this were the factual scenario, then an inspection at 7:00 a.m. would not have revealed the spill. Accordingly, the plaintiffs have failed to present a genuine issue of material fact to preclude summary judgment with this argument.

■ As to the presence of the skid mark observed by Mrs. Parker following her fall, she concedes that it is possible that the skid mark could have been caused prior to the spill in question by events unrelated to the spill encountered by her. Accordingly, the plaintiffs' argument again relies upon speculation and conjecture that the skid mark was caused by the spill in question, and furthermore that the skid mark, in and of itself, denotes a sufficient passage of time to create a genuine issue of material fact as to constructive notice. The court finds that the skid mark serves to establish nothing beyond its existence in the area and that a case of constructive notice cannot be advanced upon this fact.

■ The plaintiffs finally rely upon the argument that because Mrs. Parker was in the store for a period of time before her accident and did not hear or see a spill in the area of her fall during that time, the spill must have occurred prior to her entrance in the store. Thus, the plaintiffs assert that the spill existed for a sufficient period of time to create a genuine issue of material fact as to constructive notice of the spill. The plaintiffs concede that the only time Mrs. Parker was in the area where the spill occurred was at the moment of her accident. The court refuses to accept the plaintiffs' argument that merely because the plaintiff did not hear or see

the spill that it could not have happened during the time that they were in other areas of the store. Again, this argument relies upon impermissible conjecture and speculation that no spill could occur without the plaintiff having seen or observed it. The court finds that this testimony is insufficient to preclude summary judgment.

Accordingly, this court holds that pursuant to Rule 56(c), it is obligated to grant summary judgment in favor of the defendant Wal-Mart Stores, Inc., as to any and all claims of the plaintiffs, Janice and Hollie B. Parker, Jr. This court will enter a separate judgment in accordance with the local rules.