# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2010

No. 09-60968
Summary Calendar

Lyle W. Cayce
Clerk

CATHERINE PICKLE,

Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
Eastern Division
USDC No. 1:08-CV-251

Before JOLLY, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Catherine Pickle appeals the district court's grant of summary judgment in favor of Wal-Mart Stores, Inc. (Wal-Mart). The district court held that Pickle presented no evidence raising a genuine issue of material fact regarding whether her injury resulted from negligence on the part of Wal-Mart. Finding no error, we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Catherine Pickle and her daughter, Teresa Cunningham, were shopping at Wal-Mart in Amory, Mississippi, on or around October 16, 2006. Pickle presented evidence that while she was in one of the handicap stalls in the women's restroom, she pulled some tissue paper out of the dispenser, causing the dispenser cover and tissue roll to fall on her. Pickle alleges that the fall caused injury to her neck and left shoulder. In her affidavit, Pickle states that she saw a cleaning cart containing a mop, broom, and other supplies outside of the men's restroom. The affidavit further states that she saw a Wal-Mart associate going in and out of the men's restroom around the same time, and that she assumes the associate must also have been cleaning and re-supplying the women's restroom. As a result of the incident, Pickle filed suit against Wal-Mart for bodily injuries, pain and suffering, mental anguish, partial loss of enjoyment of life, and medical bills.

Pickle also submitted evidence that Wal-Mart, in its response to the Plaintiff's Request for Admissions, admits that only its employees are permitted to possess a key to open the top of the dispenser. In his affidavit, the store manager states that Wal-Mart has not discovered any evidence of a problem, defect, forceful entry, or damage to the dispenser, and that the dispenser is currently still in use.

This appeal of a summary judgment is reviewed *de novo* with this court applying the same standard as the district court, viewing the evidence in the light most favorable to the non-movant. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 162 (5th Cir. 2007). Summary judgment is appropriate when a review of the evidence reveals no genuine issue of material fact, and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v.*

*Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Pickle argues that the dispenser was stocked with tissue and left unlocked by a Wal-Mart associate. Pickle also argues that Wal-Mart had constructive knowledge of the unlocked dispenser because the maintenance associate cleaning the restroom saw or should have seen it. Under Mississippi law, a business owner has a duty to "exercise reasonable care to keep the premises in a reasonably safe condition." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Munford Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)). However, the owner of a business is not an insurer against all injuries. *Id.* Merely proving that an accident occurred on a business's premises is insufficient to prove that the business was actually negligent; rather, the plaintiff must prove that the operator of the business was negligent. *Lindsey*, 16 F.3d at 618 (citing *Sears, Roebuck & Co., v. Tisdale*, 185 So.2d 916, 917 (Miss. 1996)).

Pickle's speculative arguments regarding Wal-Mart's alleged negligence and constructive knowledge of an unlocked dispenser are insufficient to show that Wal-Mart failed to "exercise reasonable care to keep the premises in a reasonably safe condition." *Lindsey*, 16 F.3d at 618 (citing *Munford Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)). Accordingly, the district court did not err in its determination that Wal-Mart is entitled to judgment as a matter of law.

AFFIRMED.