**REVISED September 6, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2017

Lyle W. Cayce
Clerk

ELIZABETH FRET,

   Plaintiff – Appellant,

v.

MELTON TRUCK LINES, INCORPORATED; DARRELL EDMOND,

   Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-710

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

  In this appeal, Elizabeth Fret ("Fret") contends the district court erred in granting summary judgment in favor of Melton Truck Lines ("Melton") and Darrel Edmond ("Edmond"). Because the summary judgment burden never

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50031

shifted to Fret with regard to Fret's simple negligence claim, we REVERSE the judgment on the simple negligence and *respondeat superior* claims and REMAND those claims only.

## I.    FACTUAL BACKGROUND

This is a personal injury and negligence lawsuit resulting from a motor vehicle accident that occurred when Edmond, an employee of Melton, struck a vehicle driven by Fret.  Fret alleges that she sustained personal injuries as a result of the collision. Fret has appealed the district court's grant of summary judgment in favor of Edmond and the trucking company that employed Edmond on Fret's simple negligence and *respondeat superior* claims.[1]

Fret and Edmond were both driving on a two-lane portion of Interstate 410 in San Antonio, Texas. While attempting to change from the right to the left lane, Edmond collided with Fret, who was driving in the left lane. Edmond was operating a commercial vehicle while in the course and scope of his employment with Melton and with the permission and consent of Melton.

Fret timely filed suit in Texas state court. Fret asserted causes of action against Edmond for negligence, gross negligence, and negligence *per se* for violation of Section 545.401 and 545.351 of the Texas Transportation Code. In addition, Fret asserted that Melton was liable under the doctrine of *respondeat superior* and asserted claims for gross negligence, as well as negligent hiring, entrustment, supervision, training, retention, and qualification.

Melton and Edmond removed the state civil action to the United States District Court for the Southern District of Texas, and they filed a motion to transfer venue to the Western District of Texas, San Antonio Division. The district court granted the motion and transferred the case.

---

[1] Fret does not appeal the district court's granting of summary judgment in regard to the negligence *per se*, gross negligence, negligent hiring, entrustment, supervision, training, retention and qualification claims.

2

No. 17-50031

In the district court, Melton and Edmond filed a "Partial Hybrid Motion for Summary Judgment" seeking summary judgment on the negligent hiring, training, supervision, qualification, retention, entrustment; negligence *per se*; and gross negligence claims. They did not seek summary judgment on either the simple negligence claim against Edmond or the *respondeat superior* claim against Melton. Fret filed a motion requesting an extension to file a response to Melton and Edmond's partial hybrid summary judgment motion which the district court granted, setting her deadline to respond twenty days after the close of discovery deposition. After the close of discovery, Fret did not file a timely response to Melton and Edmond's partial hybrid motion for summary judgment. Twenty-five days after the deadline to respond to the partial hybrid summary judgment, the district court entered an order granting Melton and Edmond's motion for summary judgment. Without notice to the parties, the district court *sua sponte* granted summary judgment on the simple negligence claim.[2] Fret failed to respond to the partial hybrid summary judgment motion at any point before the district court granted summary judgment. The district court stated that it granted Melton and Edmond's motion because Fret lacked evidence to support her claims. The district court dismissed all of Fret's claims and concluded that Fret failed to set forth specific facts showing that there was a genuine issue for trial.

After the trial court granted Melton and Edmond's summary judgment on all Fret's claims, Fret filed three post-judgment motions seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b). Fret timely filed a "Motion for Reconsideration and to Reopen," seeking relief under Rules 59(e) and 60(b)(1) as to her simple negligence claims. Fret requested that the district

---

[2] A district court may *sua sponte* grant summary judgment so long as the losing party has notice. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 441 (5th Cir 2003).

court grant relief by setting aside the judgment. Fret argued that Edmond and Melton's partial hybrid motion for summary judgment did not include the simple negligence claim and that the failure to respond to the motion for summary judgment was due to a misunderstanding between the parties and the district court. Fret alleged that the parties had agreed to extend the deadline for responding to the summary judgment motion but had failed to seek the district court's approval. The district court entered an order denying Fret's motion for reconsideration.

Fret subsequently filed two similar motions for reconsideration. The latter motion for reconsideration included over one thousand pages of evidence and other exhibits. In her motions, Fret argued that the district court's decision to grant summary judgment without consideration of the miscommunication regarding the agreement between the parties was manifestly unjust. Fret also argued it was manifestly unjust for the district court to dismiss *in toto* all of Fret's claims. Fret argued that the *sua sponte* dismissal of her simple negligence and vicarious liability claims were inappropriate. The district court denied both motions to reconsider. Fret timely filed a notice of appeal of the district court's order granting Melton and Edmond's motion for summary judgment.

## II.   STANDARD OF REVIEW

We review grants of summary judgment *de novo*, applying the same standard as the district court. *Templet v. Hydrochem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008). "[W]here the non-movant

bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when 'there is sufficient evidence favoring the nonmoving party for a jury trial to return a verdict for that party' is a full trial on the merits is warranted." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986)). All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). The non-movant must adduce affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257.

## III.  ANALYSIS

In her complaint, Fret asserts simple negligence, negligence *per se*, gross negligence, and *respondeat superior* claims. Fret only challenges the district court's dismissal of the simple negligence and *respondeat superior* claims. Even though Melton only specifically moved for summary judgment on the negligent hiring, training, supervision, entrustment, negligence *per se*, and gross negligence claims, the district court also granted summary judgment on Fret's simple negligence claim. Fret argues that the district court's grant of summary judgment on her simple negligence claim was inappropriate because the burden never shifted from the defendants to Fret. We conclude that the district court erred in granting summary judgment with respect to the simple negligence claim.

Under Texas law, to prevail on a negligence cause of action, the plaintiff must prove "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Fret alleges that

No. 17-50031

Edmond was negligent because he: (1) drove at a speed greater than a reasonable person would, (2) failed to timely apply his brakes; (3) took faulty evasive action; (4) failed to drive defensively; (5) failed to make safe decisions; (6) failed to blow his horn to warn of imminent collision, and (7) drove recklessly.

Melton and Edmond's motion for partial hybrid summary judgment does not specifically address the claim of simple negligence. The motion only states, in a conclusory manner, that "Defendants respectfully request summary judgment on Plaintiffs causes of action because Plaintiff has no evidence to support these allegations." Fret argues, and we agree, that this allegation of "no evidence," without pointing to a specific element, is not enough to shift the burden from the defendants to Fret. *See Austin v. Kroger Texas L.P.*,—F.3d—, 2017 WL 1379453, *8 (5th Cir. 2017).

Federal Rule of Civil Procedure 56 requires that the party "asserting that a fact cannot be . . . genuinely disputed" support its assertion by either "(A) citing to particular parts of materials in the record," or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, *or* that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B) (emphasis added). Subsection B is disjunctive, allowing the moving party to support its position either by reference to materials in the record or by "showing" that the other party does not have admissible evidence supporting the fact at issue.

This showing does not require the party moving for summary judgment "to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials.").

No. 17-50031

But it is also true that even when the non-movant bears the burden of proof at trial, "[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991). It is not enough for the moving party merely to make a conclusory statement that the other party has no evidence to prove his case. *See Celotex*, 477 U.S. at 328 (White, J., concurring).

Here, because the defendants did not move for, argue, or brief the simple negligence claim in its partial hybrid motion for summary judgment, it is impossible for them to satisfy the movant's burden as set out in *Celotex* and *Russ*. *See* Celotex 477 U.S. at 325; *Russ*, 943 F.2d at 591. Melton and Edmond's motion for summary judgment failed to identify an absence of any specific element of simple negligence. In fact, the motion raised no fact issues with regards to simple negligence nor did it identify any absence of evidence pertaining to any specific theory of Fret's simple negligence claim. A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993). As a result, the burden never shifted to Fret to go beyond the pleadings to come forward with specific facts creating a genuine issue for trial on the simple negligence claims. Therefore, it was inappropriate for the district court to grant summary judgment on that claim.

Further, the district court's brief analysis on the simple negligence issue also highlights why summary judgment was inappropriate. The district court concluded that there was no evidence from which a reasonable jury could find that Edmond breached a legal duty it owed Fret and therefore no damages were proximately caused by the breach. In support of this finding, the district court pointed to Edmond's deposition where he testified that he believed the

7

accident was not preventable because he looked in his mirrors, turned on his blinkers, and moved slowly before changing lanes. The district court held that because Fret submitted no evidence to contradict the precautionary measures taken by Edmond and because Fret never amended her original petition, no issues of material fact remained regarding Fret's simple negligence claim.

We respectfully disagree with the district court and believe there are genuine issues of material fact as to whether a reasonable jury could have determined that Edmond's breach of duty proximately caused Fret's injuries. The facts relied upon by the district court are not sufficient to overcome Fret's theories of negligence. For example, the fact that Edmond may have looked before turning on his blinker and changing lanes does not defeat Fret's theory of negligence based on the allegation that Edmond did not timely apply his brakes, or that he drove at an unreasonable speed. Further, Edmond's deposition itself—relied upon by the district court—demonstrates there is an issue of fact.  Specifically, in the very portion of the deposition the district court cites, Edmond repeatedly testified that he said the collision was his fault at the scene immediately following the crash. Edmond's testimony itself creates a fact issue that defeats summary judgment with respect to the simple negligence claim.

Therefore, because the summary judgment burden did not shift to Fret, and because there is a genuine issue of material fact, we REVERSE the district court's grant of summary judgment with respect to simple negligence. We also REVERSE the district court's *sua sponte* grant of summary judgment in respect to *respondeat superior* claim to the extent those claims are related to the simple negligence claim.

## IV.   CONCLUSION

For the foregoing reasons, we REVERSE the district court's order that *sua sponte* grants summary judgment  in respect to the simple negligence and

No. 17-50031

*respondeat superior* claims in favor of Melton and Edmond and REMAND to the district court for proceedings consistent with this opinion, and we AFFIRM in all other respects.