# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30362

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2018

Lyle W. Cayce
Clerk

DANNY BAREFOOT,

      Plaintiff - Appellant

v.

WEYERHAEUSER NR COMPANY,

      Defendant - Appellee

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-240

---

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

    After he was involved in a single-vehicle accident, Danny Barefoot brought claims against Weyerhaeuser NR Company alleging the company negligently caused the accident. After determining Barefoot failed to present evidence that could prove causation, the district court granted summary judgment for Weyerhaeuser. For the following reasons, we AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30362

## I. BACKGROUND

On January 17, 2014, as Danny Barefoot exited Highway 1 in Shreveport, Louisiana, his vehicle, an eighteen-wheeler truck, rolled over. He began his journey in Natchitoches, Louisiana. There, Barefoot, a commercial truck driver, picked up a load of timber joists from Weyerhaeuser to transport to Louisville, Kentucky. Approximately eighty miles into the trip, Barefoot attempted to exit Interstate 220 onto Louisiana Highway 1 in Shreveport, Louisiana. His eighteen-wheeler rolled over as he drove down the looped exit ramp. The police report of the accident included an eyewitness statement given by Chad Sewell.[1] Sewell stated that although Barefoot was not speeding, his lumber shifted as he exited the loop, and the truck rolled over.[2] Barefoot filed a claim against Weyerhaeuser alleging the company improperly packaged the joists.[3] This packaging, according to Barefoot, allowed the bands to break, which caused the load to shift. This shift in weight forced the truck to roll over.

At the close of discovery, Weyerhaeuser moved for summary judgment arguing that no reasonable juror could find Weyerhaeuser negligent because Barefoot could not present any evidence proving Weyerhaeuser caused his injury.[4] As summary judgment evidence, Barefoot presented the deposition testimony of accident reconstruction expert A. J. McPhate. McPhate testified that, taking the information in Sewell's witness statement as true, bands could

---

[1] Sewell was never deposed and did not provide a sworn statement.

[2] Sewell's witness statement reads, "I was headed east on I220 when I exited off to head north on Hwy 1. Big truck was in front and his load of lumber shifted. He was NOT speeding. As it shifted it began to roll, landing on its roof, trailer upside down."

[3] Barefoot initially alleged Weyerhaeuser improperly loaded the joists. However, after the close of discovery, he changed his theory to allege that Weyerhaeuser improperly packaged the load.

[4] This was Weyerhaeuser's second motion for summary judgment. The first, argued on the same grounds, was denied because the district court found the motion premature when recent rulings allowed Barefoot more time for discovery. Thus, even if Barefoot had not yet presented sufficient evidence supporting causation, the court reasoned that he had time remaining to gather evidence.

2

No. 17-30362

have broken and this could have caused the joists to shift and the truck to roll over. In developing this opinion, McPhate reviewed depositions of Barefoot and Weyerhaeuser employees who loaded the truck, the accident report, and a Google Earth aerial map. He also used software programs to reconstruct and calculate the truck loading. The district court was not satisfied that this evidence, even if believed, would allow a reasonable juror to find Weyerhaeuser caused Barefoot's accident, so it granted Weyerhaeuser's motion. Barefoot timely filed this appeal.

## II. STANDARD OF REVIEW

We generally review a district court's order granting summary judgment de novo, applying the same standard as the court below. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A movant, who does not bear the burden of proof at trial, successfully shifts the summary judgment burden to the non-movant by demonstrating that the non-movant lacks evidence sufficient to carry her trial burden. *See In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). If the non-movant fails to present "sufficient evidence . . . for a jury to return a [favorable] verdict," summary judgment should be granted. *See id.* A jury cannot return a favorable verdict as a matter of law if the non-movant fails to present evidence of an essential element. *See Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. DISCUSSION

Here, the parties dispute whether McPhate's testimony was sufficient to satisfy causation. As a result of the court's subject-matter jurisdiction being

3

based in diversity, Louisiana law controls. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "[C]ausation is an essential element of any tort claim." *MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d. 1173, 1187 (La. 2011) (quoting *Jenkins v. St. Paul Fire & Marine Ins. Co.*, 422 So. 2d 1109, 1110 (La. 1982)) (internal marks omitted). The plaintiff must establish some causal connection between the defendant's actions and the injury. *See id.*

Because the trial burden is upon Barefoot to prove Weyerhaeuser caused his accident, he must present some evidence supporting his factual allegations. Because Barefoot alleges that bands broke, causing his accident, he must present evidence that the bands broke and the broken bands could have caused the truck to roll over. These facts are material to Barefoot's theory of liability. Thus, to survive a motion for summary judgment he must present some evidence that, if believed, proves both of these facts. *See Lindsey*, 16 F.3d at 618.

Barefoot asserts that his expert's testimony was sufficient to do just that. It was not. McPhate equivocated on whether broken bands actually caused the accident. He provided testimony that it was possible for broken bands to cause the timber joists to shift, which could result in the truck rolling over. He testified that although distracted driving, speeding, and road and truck conditions could also cause a rollover, if he were to accept Sewell's eyewitness testimony, he could conclude that one or more bands broke.

However, McPhate admitted that he did not know if any band actually broke. The expert testified that his usual analysis involves going to the scene, checking super elevation, measuring the trailer, estimating the rollover threshold, checking the tires, and estimating speed. McPhate did not conduct any of this analysis. Instead, he depended completely on deposition testimony, a skeletal witness statement, and an aerial map. With this evaluation, he refused "to go out on [a] limb" and state the bands had broken. He admitted

that in order to make that claim, he would have had "to see the remains of the tractor and the trailer."

This equivocation does not "assist the trier of fact to . . . determine a fact in issue." *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (quoting FED. R. EVID. 702); *see also Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) ("[The doctor's] testimony on causation is not helpful to the fact-finder because of his inability to conclude that it was more likely than not that the [defendant's product] caused the infection . . . ."). McPhate's testimony helps determine whether broken bands can cause an accident like Barefoot's, but it offers no assistance in determining if bands actually broke and actually caused the accident. Even if the fact-finder accepts McPhate's testimony as true, she will be no closer to understanding if the bands actually broke. Barefoot presented no evidence that the bands actually broke; he presented a hypothetical on how his accident could have happened, but he failed to present evidence supporting the hypothetical.

Barefoot correctly contends that it is for the jury to decide if the bands actually broke. But in order for the jury to reach that decision, it must be presented with some evidence that the event occurred. *See Fontenot*, 780 F.2d at 1196. In *Fontenot*, this circuit determined that "a party should not be entitled to put her opponent to trial on the merits by making the bare allegations of notice pleading." *Id.* at 1192. There, Fontenot argued that a drug manufactured by the defendant, Upjohn, caused heart defects in her two children. *Id.* After seven months of discovery, the plaintiff presented not "even a scintilla of eviden[ce]" that the drug caused the heart defects. *Id.* The defendant moved for summary judgment contending that Fontenot was unable to prove that its product caused her children's heart defects. *Id.* Without providing evidence that Upjohn's drug caused her injury, Fontenot answered that the drug she ingested was "probably made by Upjohn." *Id.* at 1193. She

averred that because causation "addresses itself to the merits of the case," it could not be the basis for granting a motion for summary judgment. *Id.* The district court did not find this argument persuasive, and neither did we. *Id.* at 1196–97. In considering the issue squarely for the first time, we stated, "There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence." *Id.* at 1195–96.

Here, as in *Fontenot*, Barefoot only presents conclusory allegations. "[T]here is no evidence of causation to put into balance." *Id.* at 1196. After months of discovery, Barefoot provided no evidence of an actual broken band from the accident. He simply concluded that the bands broke, and from that conclusion his expert opined that broken bands could cause an accident like his. Barefoot failed to present "evidence, direct, circumstantial, or inferential, that would create a genuine issue of fact." *Id.* Like Upjohn, Weyerhaeuser "should be permitted . . . to rely upon the complete absence of proof of an essential element of [Barefoot]'s case." *Id.* at 1195. Barefoot wholly fails to prove causation, an essential element of his claim. It is not the case here that there is competing evidence of whether bands broke. There was no evidence that bands broke. McPhate only testified that it was a possibility, given Sewell's statement. Although this testimony could arguably allow a fact-finder to believe that an accident could be caused by bands breaking, it alone does not assist the fact-finder in determining that bands actually broke and caused Barefoot's accident. Barefoot failed to create a genuine issue of material fact. As such, he failed to meet his summary judgment burden, and the district court did not err in granting Weyerhaeuser's summary judgment motion.

## IV. CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's order granting Weyerhaeuser's summary judgment motion.