**Hilburn Joe NEELY, Plaintiff,**

v.

**DELTA BRICK & TILE COMPANY, INC., Defendant.**

**Civ. A. No. E85–0031(L).**

United States District Court, S.D. Mississippi, E.D.

May 9, 1986.

Leray McNamara, Barbara Childs Wallace, Wise, Carter, Childs & Carraway, Jackson, Miss., for plaintiff.

Charles D. Easley, Jr., Columbus, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendant for judgment notwithstanding the verdict or, alternatively, motion for new trial or, alternatively, motion for remittitur. Plaintiff initiated this action under 29 U.S.C. § 621, *et seq.*, alleging that he was discharged by the defendant, Delta Brick and Tile Company, Inc., because of his age. The case was tried to a jury which returned a verdict of $40,000 in favor of plaintiff.

In *Boeing Company v. Shipman*, 411 F.2d 364 (5th Cir. 1969) (en banc), the Fifth Circuit set forth the standard for consideration of a motion for judgment notwithstanding the verdict.

> ... a motion for ... judgment n.o.v. should be granted only when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict. The court should consider all of the evidence—not just that evidence which supports the nonmovant's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If there is substantial evidence ... of such quality and weight that reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. A motion for ... judgment n.o.v. should not be decided by which side has the better of the case, nor should the motion be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of fact, and not the court, to weigh conflicting evidence and inferences, and to determine the credibility of witnesses.

*Id.* at 374–75.

The order of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is also applicable to an age discrimination case. *See Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 565 n. 11 (5th Cir. 1983). The plaintiff must establish a prima facie case by showing (1) that he is a member of the protected class; (2) that he was qualified for his position; (3) that he was discharged; and (4) that he was replaced by a younger person. The defendant must then articulate a legitimate, non-discriminatory reason for the discharge. The plaintiff then has the burden of showing the articulated reason to be pretext. The ultimate issue remains whether the defendant intentionally discriminated on the basis of age.

The defendant presented considerable evidence that the plaintiff was discharged because of inadequate work and not because of his age. Defendant's witnesses testified that plaintiff was not a competent plant supervisor and, instead of discharging him, the company attempted to find a position in which he could work, all the while maintaining his plant supervisor salary. When plaintiff's work was not adequate in any of these positions, he was discharged. Defendant's proof included evidence that plaintiff had falsified gas records, had burned several loads of bricks because of improper temperature settings, had mismarked and miscounted bricks, and had failed to supervise employees properly. In response to plaintiff's proof that he had no written reprimands in his personnel file, defendant's witness Don Doyle testified, without contradiction, that written warnings are used only for hourly and not salaried workers like plaintiff. Plaintiff did not specifically rebut any of these allegations.

Plaintiff's attempt to show defendant's reason to be pretextual consisted solely of self-serving statements. Plaintiff, who testified as his only fact witness, stated that he thought his work in each position was adequate and that Steve Barrett, a fellow worker, had indicated that the company was discharging older workers. Barrett denied making the statement and plaintiff admitted to testifying at his deposition that

no one had said anything to him about his age.

Under *Boeing,* this court must not weigh the credibility of the witnesses in consideration of a motion for judgment notwithstanding the verdict. *See Ralston Purina Co. v. Hobson,* 554 F.2d 725, 728–29 (5th Cir.1977). Here, however, no question of credibility is presented. Plaintiff's proof consisted solely of self-serving statements which were unsupported by other evidence. Under the law of the Fifth Circuit, such statements alone will not support a jury verdict. *See id.* at 729; *Yoder Brothers, Inc. v. California-Florida Plant Corp.,* 537 F.2d 1347, 1371 (5th Cir.1976).

Additionally, in the specific context of age discrimination, the Fifth Circuit has held that "generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing inadequate, non-discriminatory reason for his discharge." *Elliott,* 714 F.2d at 564.

The court, therefore, concludes, considering all of the evidence in the light most favorable to plaintiff, that reasonable persons could not arrive at a contrary verdict. Accordingly, the court is of the opinion that defendant's motion for judgment notwithstanding the verdict should be granted.

In *Reeves v. General Foods Corp.,* 682 F.2d 515, 519 n. 6 (5th Cir.1982), the Fifth Circuit held that "the court may set aside a verdict and grant a new trial if the verdict is against the clear weight of the evidence." As discussed previously, defendant established a legitimate and rational reason for discharging plaintiff and plaintiff's evidence of pretext consisted solely of unsupported self-serving statements. Accordingly, this court is of the opinion that the verdict for plaintiff is "against the clear weight of the evidence."

Because the court grants defendant's motion for judgment notwithstanding the verdict and, alternatively, for a new trial,

the court dismisses defendant's motion for remittitur and plaintiff's motions for front pay and attorney's fees.

A separate judgment conforming to this opinion shall be submitted in accordance with the local rules.