**Hilburn Joe NEELY, Plaintiff-Appellant**

v.

**DELTA BRICK AND TILE COMPANY, INC., Defendant-Appellee.**

No. 86–4428.

United States Court of Appeals, Fifth Circuit.

June 2, 1987.

Thomas J. Lowe, Jr., Jackson, Miss., Charles D. Easley, Jr., Walters & Easley, North Columbus, Miss., for plaintiff-appellant.

Barbara Childs Wallace, J. Leray McNamara, Wise, Carter, Child & Caraway, Jackson, Miss., for defendant-appellee.

Before THORNBERRY, GEE, and JONES, Circuit Judges.

PER CURIAM:

Hilburn Joe Neely, born in October 1940, appeals from a judgment n.o.v. entered by the trial judge, 640 F.Supp. 435, in his age discrimination action; and we affirm.

The governing law is familiar. We are to sustain the judgment n.o.v. if, considering all of the record evidence, and viewing it most favorably to the party opposing the motion for judgment n.o.v., the evidence and inferences from it point so strongly in favor of the motion that reason-able jurors could not have arrived at a contrary verdict. *Boeing Company v. Shipman,* 411 F.2d 365 (5th Cir.1969) (en banc). By way of counterpoint, it is useful to recall the competing rule rejected by Judge Ainsworth's landmark opinion in *Boeing:* that a jury verdict must remain undisturbed unless "there is a complete absence of probative facts to support the conclusion reached," the so-called "scintilla" rule. *See Planters Manufacturing Co. v. Protection Mnt. Ins. Co.,* 380 F.2d 869, 872 (5th Cir.1967), *cert. denied,* 389 U.S. 930, 88 S.Ct. 293, 19 L.Ed.2d 282, quoting from the FELA case of *Lavender v. Kurn,* 327 U.S. 645, 652, 66 S.Ct. 740, 743, 90 L.Ed. 916 (1946). The en banc decision in *Boeing* overruled *Planters* in our Circuit, and the scintilla rule is not our law. Our rule, instead, is that if the record evidence supports more than one reasonable view, the jury's choice among these must be respected. The evidence in this case supports no such choice.

Defendant Delta manufactures building bricks from clay. Appellant Neely went to work at its brickyard, then owned by a predecessor in interest, as a shipping clerk when he was 18. Around 1977, after rising through a series of jobs, he became plant superintendent at age 37—a position that he held for six years. At that time, in 1983, he was demoted to a series of lesser positions, although retaining his superintendent's salary. At last, in April 1984, Neely was discharged at age 43 and replaced by another 40–odd year old slightly younger than he.

Neely was his own, sole fact witness, testifying to the foregoing and adding that his file contained no written reprimands. In addition, he asserted that on the occasion of his termination, he was told by the bearer of bad tidings that Delta was bringing in new people and younger people.[1]

Delta responded with proof that Neely had failed to supervise employees properly, had falsified gas records, had mismarked and miscounted bricks, and had burned sev-

---

1. It is not contended that Barrett, the messenger, made the decision to discharge Neely; and Barrett strenuously denied having made the remarks that Neely attributed to him.

eral loads of bricks because of improper temperature settings. None of this evidence was specifically rebutted; nor was testimony that written warnings were not used for salaried workers such as Neely.

 The sole evidence, even from Neely, supporting his claim that age played any part in his discharge was weak, vague, and flatly denied. We agree with the trial judge, who heard the evidence and whose conclusions regarding it merit deference, that reasonable persons could not conclude, in the face of the unrebutted evidence of Neely's poor performance, that his comparatively youthful age played any part in his discharge. Indeed, it seems doubtful that his self-serving and uncorroborated statement would satisfy even the scintilla rule, were that still our law. *Boeing* assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict; it is not necessary that the evidence be no more than a scintilla or amount to a claim that frogs fly or stones levitate. *See Ralston Purina v. Hobson,* 554 F.2d 725 (5th Cir.1977); *Holland v. Allied Structural Steel Co., Inc.,* 539 F.2d 476 (5th Cir.1976).

AFFIRMED.