**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20564
Summary Calendar

PATRICIA CHENEY,

Plaintiff-Appellant,

VERSUS

U.S. ONCOLOGY, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-99-CV-4333)

March 25, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an employment discrimination case in which Patricia
Cheney appeals a directed verdict in favor of her employer, U.S.
Oncology, Inc. ("USO"). Cheney alleged that USO denied her a
promotion because she is African American. The district judge

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

granted USO's motion for directed verdict because he found that Cheney had not proven that she received a "right-to-sue" notice from the EEOC and because she did not rebut USO's nondiscriminatory reasons for not promoting her. We affirm on the ground that Cheney did not adequately rebut her employer's nondiscriminatory reasons.

## I.

The standard for granting judgment as a matter of law in employment discrimination is well settled. See Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992 (5th Cir.1996) (en banc). We test the sufficiency of evidence supporting jury verdicts and summary judgments under the standard of Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969) (en banc). In order to create a jury question, there must be a dispute in the substantial evidence, that is, evidence which is of such quality and weight that reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions. Consequently, a mere scintilla of evidence is insufficient to present a question for the jury. See Boeing, 411 F.2d at 374-75. Even if the evidence is more than a scintilla, Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict. See Rhodes, 75 F.3d at 992; Neely v. Delta Brick & Tile Co., Inc., 817 F.2d 1224, 1226 (5th Cir.1987).

## II.

Title VII prohibits employers from discriminating against

2

employees on the basis of race.  42 U.S.C. § 2000e-2(a)(1).  To defeat a motion for summary judgment, a Title VII plaintiff must initially make a prima facie case of discrimination.  A plaintiff makes a prima facie case of promotion discrimination by showing that: (1) she is a member of a protected class; (2) she applied for a promotion to an available position for which she was qualified; (3) she did not received the requested promotion; and (4) the employer filled the position with an individual outside the protected class.  See EEOC v. Exxon Shipping Co., 745 F.2d 967, 972 n.3 (5th Cir. 1984).

By establishing a prima facie case for discrimination, a plaintiff raises a presumption of discrimination, "which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999).  The defendant meets this burden "by presenting evidence that, 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.'" Rhodes, 75 F.3d at 993 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993)).  If the defendant presents sufficient evidence of nondiscriminatory reasons, the plaintiff must demonstrate by a preponderance of the evidence that the defendant's reasons are not "'true reasons, but were a pretext for discrimination.'"  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253

3

(1981)).

The district court correctly found that Cheney made a prima facie case of discrimination. She proved (1) that she is African American, (2) that she applied for the Director position and that she had the minimum qualifications for that position, and (3) the promotion was given to someone who was not African American (i.e., Barbara Wilmeth).

In response to Cheney's prima facie case, USO successfully articulated a legitimate, nondiscriminatory reason for promoting Ms. Wilmeth to the Director position instead of Ms. Cheney: Ms. Wilmeth was more experienced than Ms. Cheney. Ms. Wilmeth was Ms. Cheney's supervisor. She had more seniority with USO and extensive experience in developing and implementing nationwide training programs, including computer-based packages. And perhaps more importantly, Ms. Wilmeth had served for over a year as the "acting" Director. Cheney herself acknowledged that Wilmeth was the "logical" choice for the position. The sole factual basis for Cheney's discrimination claim is that she has more formal education than Ms. Wilmeth.

An employer's nondiscriminatory reason for making an adverse employment decision need not be correct or fair, so long as it is not racially motivated. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (5th Cir. 1995); Little v. Republic Ref. Co., 924 F.2d 93, 97 (5th Cir. 1991). In this case, it was incumbent upon Ms. Cheney to introduce evidence that she was so much better

4

qualified than Ms. Wilmeth that no reasonable employer would have selected Ms. Wilmeth, and not her, for the Director position. See Deines v. Texas Dept. of Protective & Regulatory Servs., 164 F.3d 277, 281 (5th Cir. 1999). In other words, Ms. Cheney had to show that the disparity in qualifications was so apparent as "virtually to jump off the page and slap you in the face." Id.; accord Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902-03 (5th Cir. 2000) ("A mere scintilla of evidence of pretext does not create an issue of material fact in all cases. As stated by the Supreme Court in Reeves, a plaintiff must present 'sufficient evidence to find that the employer's asserted justification is false.'") (internal citations omitted).

Ms. Cheney has offered no evidence to create an issue for the jury. At best she has introduced evidence that she was superior to Ms. Wilmeth in one area: the attainment of formal education. In every other area, Ms. Wilmeth was superior. Nor did Ms. Cheney introduce any evidence that the individuals who decided to promote Ms. Wilmeth acted with any discriminatory motivation. Ms. Cheney's subjective belief of discrimination, no matter how genuine, is not evidence of racial discrimination. See Grimes v. Texas Dept. of Mental Heath & Retardation, 102 F.3d 137, 140 (5th Cir. 1996).

## III.

Although Ms. Cheney established a prima facie case of discrimination, USO articulated legitimate, nondiscriminatory

reasons for its decision. Ms. Cheney did not submit sufficient evidence that the articulated reason was a mere pretext for discrimination. Since Ms. Cheney's failure to rebut USO's nondiscriminatory reasons provides a sufficient basis to affirm the directed verdict, we do not reach the issue of whether Cheney was required to prove that she filed suit within ninety days of receiving a right-to-sue notice from the EEOC. The district court's ruling is AFFIRMED.