**Rony R. MOORE, Plaintiff,**

v.

**Glenn L. McCULLOUGH, Jr., Board Chairman of the Tennessee Valley Authority, Defendant.**

**No. 1:04CV17–D–D.**

United States District Court, N.D. Mississippi, Eastern Division.

Jan. 4, 2005.

Michael D. Cooke, Michael D. Cooke, Attorney, Iuka, MS, for Plaintiff.

Brent R. Marquand, Tennessee Valley Authority, Knoxville, TN, for Defendant.

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion should be granted.

### A. Factual Background

The Plaintiff was employed with the Defendant Tennessee Valley Authority ("TVA") as an electrician. On April 1, 2003, the Plaintiff's employment was ter-

minated. Subsequently, the Plaintiff filed an EEO complaint and this lawsuit alleging that he was terminated in violation of Title VII and the Rehabilitation Act of 1973.

It is unclear how long the Plaintiff had been employed with TVA. He had, however, held the position of maintenance electrician since early 2002. As part of his duties, the Plaintiff was responsible for routine service, maintenance and testing. The Plaintiff was also expected to be on-call 24 hours a day in order to respond to emergencies. The Defendant asserts that a crucial requirement of Plaintiff's job was that he "drive and operate various equipment and vehicles." Another qualification required that the Plaintiff "possess and maintain at least a class B Commercial Driver's License."

Sometime in January 2003, the Plaintiff informed his supervisor that he had been given a citation for driving under the influence ("DUI") and might lose his license. As a result of this DUI and others, on February 10, 2003, the Plaintiff informed Steve Chunn, a manager, that his driver's license would be suspended for up to three years. The Plaintiff also explained that the suspension could be reduced by one year if he completed a rehabilitation program.

On February 23, 2003, Chunn sent the Plaintiff a termination letter. Chunn explained that due to the Plaintiff's inability to obtain a license within a reasonable amount of time (not before two years) the Plaintiff, would be unable "to meet the essential qualification requirements for your position," and "there is no work available for you in this organization." On March 11, 2003, the Plaintiff contacted the EEOC and made timely allegations of racial and later disability discrimination.

The Plaintiff essentially avers that he was treated differently than other similarly situated employees. He suggests that the Defendant has continued to employ other unnamed African American individuals who have also received a DUI. The Plaintiff also alleges that by virtue of his alcoholism he suffers from a disability which is a protected status under the Rehabilitation Act of 1973. The Plaintiff contends that he was fired because of this disability or perceived disability.

The Defendant now moves for summary judgment on a variety of legal grounds. Despite a court order limiting discovery to issues raised by this motion and setting definite deadlines, the Plaintiff has failed to respond. Nor is there any communication on behalf of the Plaintiff indicating an intent to respond. Though the Court may not grant summary judgment for that reason alone, the lack of response or show of concern is illuminating in and of itself. *See* Uniform District Court Rule 7.2(C)(2).

### B. Summary Judgment Standard

In a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

## C. Discussion

### 1. Race Discrimination

In order to establish a *prima facie* case of race discrimination, a plaintiff must demonstrate "(1) that she was a member of a protected class; (2) that she was qualified for the position; (3) that she was discharged; and (4) after she was discharged she was replaced with a person who is not a member of the protected class," *Frank v. Xerox Corp.,* 347 F.3d 130, 137 (5th Cir.2003), or "shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.,* 375 F.3d 358, 360 (5th Cir.2004). As is the case here, when there is insufficient direct evidence of discrimination, the *McDonnell Douglas* burden shifting framework will apply. *Evans v. City of Bishop,* 238 F.3d 586, 590 (5th Cir.2000). Once a plaintiff has established a *prima facie* case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the discharge. *Johnson v. Louisiana,* 351 F.3d 616, 621 (5th Cir. 2003). Assuming the defendant employer satisfies this burden of production, the inference of discrimination created by the plaintiff's *prima facie* showing is discard-

ed. *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 385 (5th Cir.2003). The plaintiff may prevail if he persuades the trier of fact that the employer's proffered reason for the discharge is a pretext for discrimination. *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 897 (5th Cir. 2002). Summary judgment is not appropriate where the plaintiff has presented evidence that creates a genuine issue of material fact as to "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and 'another motivating factor' is the plaintiff's protected characteristic (mixed motive[s] alternative)." *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir.2004) (citations omitted) (interpreting the mixed motive analysis of *Desert Palace* and applying the modified *McDonnell Douglas* approach); *also Warren v. Terex Corp.,* 328 F.Supp.2d 641, 643–44 (N.D.Miss.2004) (denying summary judgment, applying the modified *McDonnell Douglas* approach to a retaliation claim and refusing to give a "but for" causation instruction). Throughout the burden shifting framework, the ultimate burden of persuading the trier of fact that the defendant's actions were intentionally discriminatory remains at all times with the complainant. *Tex. Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

Here, it is dubious that the Plaintiff can even establish a *prima facie* case. The Plaintiff is a Caucasian male and, though disputed by the Defendant, the Court will assume for the discrimination analysis the Plaintiff was otherwise qualified for the job. The Plaintiff was terminated. Likewise disputed by the Defendant, the Plaintiff offers that he was treated differently than other similarly situated African

American male employees. Given the absence of supporting evidence or even the presentation of an argument, it is highly unlikely that the Plaintiff has overcome his initial burden. However, for the sake of argument and in the interest of preserving judicial resources the Court will assume without deciding that the Plaintiff has established a *prima facie* case of racial discrimination.

■ Now, it is incumbent upon the Defendant to articulate a legitimate nondiscriminatory reason for terminating the Plaintiff. The Defendant discharges its burden by offering that the Plaintiff was terminated because he was unable to perform essential duties required by his position. Specifically, the Defendant states that the decision to terminate was based on the Plaintiff's inability to obtain a valid driver's license within the next two years. Indeed, due to the Plaintiff's ineligibility to operate an automobile, performing certain specific requirements of his job would have been in direct violation of state law.

Since the Defendant has fulfilled its burden of production, the inference of discrimination created by the Plaintiff's *prima facie* case disappears and the Plaintiff retains the ultimate burden of persuasion. For the Plaintiff to withstand summary judgment at the pretext stage, he must present credible evidence which creates a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and 'another motivating factor' is the plaintiff's protected characteristic (mixed motive[s] alternative)." *Rachid,* 376 F.3d at 312 (citations omitted). In order to create a jury question, there must be "a conflict in substantial evidence." *Boeing Co. v. Shipman,* 411 F.2d 365, 375 (5th Cir.1969). Substan-

tial evidence includes "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* at 374. Further, "[a] mere scintilla of evidence is insufficient to present a question for the jury." *Id.* However, even if the evidence is more than a scintilla, *"Boeing* assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict." *Neely v. Delta Brick and Tile Co., Inc.,* 817 F.2d 1224, 1226 (5th Cir.1987).

The Plaintiff has not responded to the Defendant's motion for summary judgment. Moreover, the Plaintiff has not asked for additional time in which to respond. For that matter, the Court is not aware of any correspondence indicating the Plaintiff intends to respond at all. Nevertheless, the only discussion of pretext is found in the Plaintiff's complaint:

> The Plaintiff, because of his alcoholism, was terminated from his employment with the Defendant. However, the Plaintiff feels that this constitutes race discrimination because there were black males, similarly situated, who were not terminated from their positions as a result of their DUI/loss of driver's license. The Plaintiff feels that black males who were similarly situated were shown favoritism regarding accommodations because of their loss of driver's license [sic].

Essentially, the Plaintiff's complaint avers, without elaboration or supporting evidence, that it is his personal belief he was fired because he is Caucasian.

■ For a number of reasons, Plaintiff's logic, or lack thereof, fails to demonstrate pretext. First, the Plaintiff has not presented the Court with *any* evidence which tends to support his claim of disparate treatment. The Plaintiff asserts that oth-

er African American employees received more favorable treatment but goes no further. Even granting the Plaintiff all favorable inferences he has not shown, and in the Court's opinion can not show, that he was subjected to disparate treatment. The Plaintiff has not shown that the Defendant's legitimate articulation was pretextural. The Plaintiff does not dispute or make so much as a feeble attempt to demonstrate falsity of the Defendant's proffered reasons. Rather, the Plaintiff, in *only* conclusory terms, states that he feels or believes he was discriminated against.

Clearly, such a demonstration is woefully unworthy of a jury's consideration. It is well settled that a complainant's own subjective belief of discrimination, no matter how sincere, cannot alone serve as a basis for judicial relief. *Marks v. St. Landry Parish Sch. Bd.*, No. 02–31217, 2003 WL 22080747 at \*2 (5th Cir. Sept. 9, 2003); *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 564 (5th Cir.1983). Allowing the most generous inferences, this averment, without more, can not and will not withstand summary judgment. Even under the recently announced modified *McDonnell Douglas* analysis which is plainly more plaintiff friendly, the Plaintiff's claim fails. The Plaintiff has not presented any evidence let alone any "substantial evidence" of discrimination.

The Plaintiff falls far short of creating a genuine issue of material fact. Apart from his own allegations and beliefs, the Plaintiff has not produced *any* evidence which demonstrates a triable issue of fact as to the Defendant's legitimate nondiscriminatory reasons. Furthermore, even if the Plaintiff presented a scintilla of favorable evidence, which he has not, such would be easily overcome by the Defendant's contradictory proof.

Given the absence of evidence, the Court will not assume that discrimination

was a motivating factor for the Plaintiff's discharge. While it is not a pleasant reality, the Court cannot find any discriminatory motive behind the Plaintiff's termination. As is all too familiar to this Court, an employee can be discharged for good reason, bad reason or no reason at all so long as it is not a discriminatory reason. *N.L.R.B. v. Mueller Brass Co.*, 509 F.2d 704, 711 (5th Cir.1975). There was no discriminatory motive in this case and summary judgment should be entered in favor of the Defendant.

### 2. Disability Discrimination

"The Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability." *Handy v. Brownlee*, No. 04–50545, 2004 WL 2980347 at \*3 (5th Cir. Dec. 22, 2004). In order to establish a claim under the Rehabilitation Act, a plaintiff must demonstrate that he "(1) is an individual with a disability; (2) is otherwise qualified to perform the job; (3) was employed in a program or activity that receives federal funding; and (4) was discriminated against solely because of his disability." *Id.* at \*3. Once a *prima facie* case has been established, the *McDonnell Douglas* burden shifting analysis set forth *supra* will apply. *Id.*

Similar to his claim of racial discrimination, whether the Plaintiff has met the elements of a *prima facie* case of disability discrimination is dubious at best. However, unlike the race discrimination claim, the Court will not assume that the Plaintiff has discharged his initial burden. Rather, for reasons discussed below the Court finds that summary judgment is appropriate because the Plaintiff is unable to show that he is an individual with a disability.

The Act defines an individual with a disability as one "who (1) has a physical or mental impairment which substantially

limits one or more of such person's major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment." *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir.1993) (holding that insulin dependency is not a disability which substantially limits a major life activity). A physical impairment is "any physiological disorder or condition, cosmetic disfiguration, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs; respiratory including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine." *Id.* at 1390. Major life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* A person is "regarded" as having a disability if he

> (A) has a physical or mental impairment that does not substantially limit major life activities but that is treated by [an employer] as constituting such a limitation;
>
> (B) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (C) has none of the [above described impairments] but is treated by [an employer] as having such an impairment.

*Id.* (employees did not produce evidence to show that the employer regarded them as having a disability where employees were only limited by safety concerns from seeking a primary driver positions).

■■ The Plaintiff claims that alcoholism is a disability and that he was terminated because he is an alcoholic or is perceived as being an alcoholic. While the Court does not doubt that alcoholism may in some circumstances rise to the level of an impairment, it is not per se a disability.

*Burch v. Coca–Cola Co.*, 119 F.3d 305, 314, 316, n. 9 (5th Cir.1997) (plaintiff must prove that the alcoholism substantially impaired a major life activity); *McKey v. Occidental Chem. Corp.*, 956 F.Supp. 1313, 1318 (S.D.Tex.1997) (plaintiff's alcoholism is not a disability); *Lottinger v. Shell Oil Co.*, 143 F.Supp.2d 743 (S.D.Tex.2001) (same). Rather, each claimed disability requires a case-by-case analysis of the degree of impairment. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847 (5th Cir.1999) (the court must examine each "individualized injury to determine whether a particular plaintiff is disabled"). The Fifth Circuit has reviewed and considered more serious and dire situations than that presented here and found that no disability existed. *E.g. Bridges v. City of Bossier*, 92 F.3d 329, 334 (5th Cir.1996) (firefighter excluded from his chosen profession because of hemophilia is not disabled); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 191 (5th Cir.1996) (breast cancer which required chemotherapy resulting in significant side effects was not a disability).

■ In this case, the Plaintiff has not presented any proof that his alcoholism or perceived alcoholism substantially impaired a major life activity. Perhaps, had the Plaintiff bothered to respond, he may have attempted to argue that this disability impaired his ability to perform his job or work-a major life activity. However, the Fifth Circuit has upheld a district court's conclusion that "an impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise is not 'substantially limiting' for purposes of the Rehabilitation Act." *de la Torres v. Bolger*, 610 F.Supp. 593, 596–97 (W.D.Tex. 1985), *aff'd*, 781 F.2d 1134 (5th Cir.1986); *accord Foreman v. Babcock & Wilcox Co.*,

117 F.3d 800, 805 (5th Cir.1997). Such is the case here. While the Plaintiff may not be able to perform the essential duties of his position as an electrician at TVA, he is not completely precluded from obtaining other equally satisfactory employment that does not require him to possess a valid driver's license.

Since no argument to the contrary has been advanced, the Plaintiff has failed to demonstrate that he is, in fact, disabled. Thus, the Plaintiff has failed to establish a *prima facie* case of disability discrimination. Resultantly, there is no disputed issue of fact that requires a jury's consideration and summary judgment should be entered in favor of the Defendant.

### D. Conclusion

The Court finds that the Plaintiff was unable to produce any evidence to create a triable issue of fact as to the ultimate issue of race or disability discrimination. In the face of the Defendant's overwhelming evidence, the Plaintiff's subjective beliefs, no matter how sincerely held, are not sufficient to withstand the scrutiny required for summary judgment. The Court is satisfied that no reasonable trier of fact could find that the Plaintiff has been the victim of racial or disability discrimination. Accordingly, the Defendant's motion for summary judgment shall be granted.

A separate order in accordance with this opinion shall issue this day.